EXHIBIT D
Final Judgment

## JUDICIAL FUNCTION

File No. 12201-2022-00061G

**JUDICIAL UNIT FOR FAMILY, WOMEN, CHILDREN AND ADOLESCENTS WITH HEADQUARTERS IN THE BABAHOYO CANTON.** Babahoyo, Friday, July 1, 2022, at (09:06.

**SEEN:** Mrs. DEISY ALEXANDRA TENESACA JATIVA appears, through a writing that appears on pages 55 to 55 of the process and files an appeal against the resolution issued by the Cantonal Board for the Protection of Rights of the Canton Babahoyo, in Administrative Procedure No. 0046N-2022-JCPD-B, of protection measures in favor of the children A███ A███ and S███████ T████ V████ T████████ and states: that the qualification order mentions the 25th day of the month of April 2022, at 09:10, The Members of the Cantonal Board for the Protection of the Rights of Children and Adolescents of BABAHOYO. based on the provisions of Art. 205 and 506 of the Code of Children and Adolescents, for being timely, effective, and efficient and for having come to his attention in the form of a complaint by citizen ROBERTH ROSENDO VEGA MARIDUEÑA, domiciled in Ciudadela Puerta Negra, canton Babahoyo, in his capacity as biological father of the minors A███ A███ and S███████ T████ V████ T████████ 2 and 4 years of age, who have allegedly been victims of negligence by citizen DEYSI ALEXANDRA TENSACA JATIVA; domiciled in Avenida Universitaria and Calle U and Calle A of canton Babahoyo, Los Ríos Province; based on Art. 75, 76, and 82 of the CRE, 2008, in legal connection with Art. 238 of the CONA, orders that the Secretary CITE, legally to citizen DEYSI ALEXANDRA TENSACA JATIVA: MOTIVES in the CONA, Art. 79, 215, 216, 217, and 218 of the CONA, the following protection measures are established; the order of care of the minor child, girl in this case A███ A███ and S███████ T████ V████ T████████ continue under the care and protection of their biological father ROBERTH ROSENDO VEGA MARIDUEÑA: Art. 219 monitoring, review, evaluation and revocation of the measures; that during the respective hearing there were facts that should have been proven, which supported a search for the truth, in accordance with Art. 238 third and fourth paragraph of the Organic Code of Children and Adolescents; that there was no conciliation and requested that the case be opened for evidence:. that the witnesses dedicated themselves exclusively to saying that the complainant is a good father. and none of them proved the factual event, that is, prove the abuse that their children have suffered: that a recovery claim has been filed; trial No. 12201-2022-00050g; for all the above, he files an appeal; the same that was granted by order issued on June 8, 2022: 5:00 p.m. Once the process was received, knowledge of it is taken and in the substantiation order issued on June 14, 2022, at 9:55 a.m., a day and time are set for the hearing of arguments to take place; a proceeding to which the plaintiff and her lawyers appear in person and the defendant and the Members of the Cantonal Board for the Protection of Rights, of the Municipal Government of the Babahoyo canton virtually, and the hearing was held as recorded in the CD. and minutes of hearing 93 to 95; where the parties appear and make their verbal arguments, the plaintiff had to demonstrate that the evidence that he intended to provide at the Hearing and that due to his

nature had not been known within the administrative process; The status of the case being that of being resolved, to do so it is considered.- FIRST: The undersigned Judge is competent to hear and resolve this case, in accordance with Article 175 of the Constitution of the Republic of Ecuador, and Article 241.2 of the Organic Code of Children and Adolescents - SECOND: In the development of the process There was no omission of substantial solemnity that violates the procedure, therefore its procedural validity is declared.- THIRD: PROCEDURAL LEGIMITY: The plaintiff appears before this judicial body, under the provisions of article 241, numeral 2 of the Code of Children and Adolescents and files an appeal against the Resolution issued by the Cantonal Board for the Protection of Rights; therefore, she is entitled to file this appeal; FOURTH: Article 215 of the Code of Children and Adolescents determines that protection measures are actions adopted by the competent authority, by judicial or administrative resolution, in favor of the child or adolescent, when there has been or is an imminent risk that a violation of his or her rights will occur due to action or omission of the State, society, his or her parents or guardians, or the child or adolescent himself or herself. In applying the measures, those that protect and develop family and community ties should be preferred. The protection measures are established in Art. 217 of the Organic Code of Children and Adolescents, Art. 218 of the Organic Code of Children and Adolescents, provisions which establish that the Judges of Children and Adolescents, the cantonal boards for the Protection of Rights and the care entities in the cases contemplated in this Code are competent to arrange the protection measures dealt with in this Title; Judicial measures may only be granted by the judges of children and adolescents, administrative measures may be indistinctly, by the Judges of Children and Adolescents and the Cantonal Boards for the Protection of Rights. In the present case at hand, the Cantonal Board for the Protection of Rights, within its powers, ordered as a protective measure that the children subject to this process continue under the care and protection of their father. Art. 237 of the Organic Code of Children and Adolescents establishes that the administrative procedure for the protection of rights may be initiated ex officio or by verbal or written complaint; and a series of requirements will be detailed and within forty-eight hours of learning of the fact or receiving the complaint, the administrative body will take cognizance and set a day and time for the hearing of response; Indeed, within the term of the law, the Board for the Protection of Rights of this canton Babahoyo, in the initial order, considering that the children were victims of negligence, granted them protective measures, ordering that the children continue under the care and protection of their father. Art. 264 of the Organic Code of Children and Adolescents, indicates that the judicial action of protection has as its objective to obtain a judicial requirement for the protection of the collective and diffuse rights of children and adolescents and consists of the imposition of a certain conduct of action or omission, of possible compliance directed to the person or entity required, with the precautions contemplated in the law; According to Article 45 of the Constitution of the Republic, children and adolescents will enjoy common rights in addition to those specific to their age, such as the

right to education among others, the Ecuadorian state was obliged to recognize the right of

child to education whose purpose is to develop the personality, aptitudes and mental and physical capacity of the child and to instill in the child, respect for human rights and fundamental freedoms and to prepare the child to assume a responsible life in a free society in a spirit of understanding, peace, tolerance, and equality of the sexes and friendship among all peoples. Principles that are stated in Art. 28 of the Convention on the Rights of the Child, which likewise Art. 37 of the Organic Code of Children and Adolescents Guarantees the Right to Education of Boys, Girls and Adolescents National and Supranational Legal System to which we are all subject without exception. In this case, the plaintiff states that Art. 238 of the Organic Code of Children and Adolescents has not been considered by the Board, that is, the case was not opened for evidence. The right to provide evidence and the subsequent consideration of the evidentiary elements by judges is part of three of the most important guiding principles of all judicial proceedings, called: dispositive, immediacy and concentration, in accordance with article 19 of the Organic Code of the Judicial Function, which states: Article 19. - DISPOSITIVE, IMMEDIATION AND CONCENTRATION PRINCIPLES. - All judicial proceedings are initiated by the initiative of a legitimate party. Judges shall resolve in accordance with what is established by the parties as the object of the process and based on the evidence requested, ordered and acted upon in accordance with the law. Precisely the possibility of providing and contradicting evidence in any judicial process and the duty of judges to assess all the evidence requested, ordered and acted upon, is directly related to the right to defense that, as has been pointed out by the Constitutional Court, "includes the possibility of attending a process, being part of it and being able to defend oneself by presenting and contradicting the arguments and evidence, consequently complying with what is established in Art. 241 of the Organic Code of Children and Adolescents, which states that in the resolution hearing the parties may present their verbal arguments and only and exclusively those evidences that are shown to have not been known in the administrative process by their nature; this judge granted the use of the voice to the plaintiff's lawyer, to carry out evidence; who requested that the messages attached to her brief presented on June 24, 2022 be taken as evidence in her favor, evidence that was not admitted, for the following reasons: Art. 147 of the Organic Code of the Judicial Function, indicates that a physical document, original files of documents, messages, images, databases and any application stored or transmitted by electronic, computer, magnetic, optical, telematic, satellite or new technology means for judicial processing will be valid and effective; in accordance with what is stated in numeral 3 of Art. 196 and Art. 202 of the General Organic Code of Processes; and Art. 52 of the Electronic Commerce Law; While it is true, as I stated in the previous lines, messages are an electronic tool, suitable for producing faith in court, it is no less true that it does not offer any credibility because such a document could have been perfectly manipulated, especially with the amount of technological tools available that exist within reach of any person, for this to be valid it was necessary to perform computer forensic testing on the phones, to determine the real origin of the voices of the participating persons, therefore it has no probative value; FIFTH:



From what was stated by the appellant it is clearly established that he has been outside the country for approximately a year, leaving their children in the care of their maternal grandmother; therefore it is necessary to consider what is established in Art. 105 of the Code of Children and Adolescents that parental authority is not only the set of rights but also the obligations of parents regarding their unemancipated sons and daughters, referring to the care, education, integral development, defense, rights and guarantees of children in accordance with the Constitution and the Law; in accordance with what is stated in Art. 283 of the Civil Code, parental authority is the set of rights that parents have over their unemancipated children; thus we find that Parental Authority corresponds to both parents and both have the right and duty to have their children under their care and custody, attending to their physical and moral development, attending to their education, directing their social, ethical and ideological formation. In this way parents are responsible for the care of their children. FUNDAMENTAL PRINCIPLES: Art. Article 9 of the General Organic Code of Processes establishes the basic function of the family; the law recognizes and protects the family as the natural and fundamental space for the integral development of children and adolescents; the shared responsibility for the respect, protection and care of their children and the promotion, respect and enforceability of their rights belongs primarily to the father and mother; in accordance with Article 100, which states that father and mother have equal responsibilities in the direction and maintenance of the home, in the care, upbringing, education, integral development and protection of the rights of their children, complying with the provisions of Articles 11 and 60 of the Code of Childhood and Adolescence, 44 of the Constitution of the Republic of Ecuador, and 31 of the General Organic Code of Processes, that in all processes in which the rights of children and adolescents are discussed, these must be protected. At this point it is important to analyze how the hearings of minors have been regulated before deciding, in any process on matters or issues that affect them, in the sense that the judge, before deciding on matters related to minors, must obligatorily hear the minors who are in a position to express their opinion; Thus, Article 12 of the CONVENTION ON THE RIGHTS OF THE CHILD states "...1. States Parties shall ensure to the child who is capable of forming his or her own opinions the right to express those views freely in all matters affecting the child, the views of the child being given due weight in accordance with the age and maturity of the child. 2. To this end, the child shall in particular be given the opportunity to be heard in any judicial or administrative proceedings affecting the child, either directly or through a representative or an appropriate body, in accordance with the procedural rules of national law. While it is true that in the case at hand, the children are currently 2 and 4 years old, it was nevertheless observed that they have good relations with their father. Principle of the best interests of the child which is embodied in Article 11 of the Code of Children and Adolescents, which in its first paragraph determines the following "The best interests of the child. Article 44 of the Constitution of Ecuador establishes that "The State, society and the family will promote as a priority the integral development of girls, boys and adolescents, and will ensure the full exercise of their rights: The principle of their best interest will be addressed and their rights will prevail over those of other people. - Girls, boys



and adolescents shall have the right to their comprehensive development, understood as a process of growth, maturation and development of their intellect and their capacities, potentialities and aspirations, in a family, school, social and community environment of affection and security. This environment will allow the satisfaction of their social, emotional and cultural needs with the support of this principle is aimed at satisfying the effective exercise of all the rights of children and adolescents; and imposes on all administrative and judicial authorities and public and private institutions. the duty to adjust their decisions and actions for their compliance" consequently all the Constitutional and legal regulations must be interpreted according to the principle of the best interest of the child; therefore, as the children are not living with their mother, since a year ago she went to live in Spain, the children should be with their father; if the appellant does not agree with the measure adopted by the members of the Cantonal Board, being a temporary measure, he must go before the same body, so that if he considers it pertinent they can be replaced, modified or revoked by the authority that imposed them; as established by the rule in Art. 219 of the Organic Code of Children and Adolescents; SIXTH: DECISION: Based on the background set forth, the undersigned Judge of the Judicial Unit of Family, Women, Children and Adolescents based in the Canton Babahoyo "ADMINISTERING JUSTICE, IN THE NAME OF THE SOVEREIGN PEOPLE OF ECUADOR, AND BY AUTHORITY OF THE CONSTITUTION AND "THE LAWS OF THE REPUBLIC": Denies the appeal filed by Mrs. TENESACA JATIVA DEISY ALEXANDRA; and Confirms in all its parts the resolution issued by the Cantonal Board for the Protection of Rights. Return the file to its place of origin; leaving duly certified copies for the archive. COMPLY. NOTIFY.

Resolució
Juez
5

## RONQUILLO SANTILLAN ZORAIDA MERCEDES
### JUDGE (SPEAKER)



JUDICIAL UNIT FOR FAMILY, WOMEN, CHILDREN AND ADOLESCENTS COS
HEADQUARTERS IN THE BABAHOYO CANTON, LOS RIOS PROVINCE
I CERTIFY THAT IT
IS A TRUE COPY OF THE ORIGINAL
DATE 23/05/2024
SECRETARIAT
Ab. Edith Crespo Monserrate
Mity. SECRETARY (E)
JUDICIAL UNIT FOR FAMILY, WOMEN,
NINEZ, ADOLESCENCE OF BABAHOYO

Signed by
MERCEDES JUDICIAL FUNCTION ZORAIDA
DOCUMENT SIGNED CECEL SANTILLAN
ELECTRONICAMENTE RONQUILLO
L=BABAHOYO
CI
1201516661

# FUNCIÓN JUDICIAL

Expediente No. 12201-2022-00061G
**UNIDAD JUDICIAL DE FAMILIA, MUJER, NIÑEZ Y ADOLESCENCIA CON SEDE EN EL CANTÓN BABAHOYO.** Babahoyo, viernes 1 de julio del 2022, a las 09h06.

**VISTOS**: Comparece la señora DEISY ALEXANDRA TENESACA JATIVA, mediante escrito que consta a fjs. 55 a la 55 del proceso e interpone recurso de apelación de la resolución emitida por la Junta Cantonal de Protección de Derechos del Cantón Babahoyo, en el trámite Administrativo No.0046N-2022-JCPD-B, de medidas de protección en favor de los niños A█████ A█████ y S█████ T█████ V█████ T█████; y manifiesta: que en el auto de calificación se menciona a los 25 días del mes de abril del 2022, a las 09h10. Los Miembros de la Junta Cantonal de Protección de Derechos de los niños, niñas y adolescente de BABAHOYO, en merito a lo expuesto en el Art. 205 y 506 del Código de la Niñez y Adolescencia, por ser oportuno eficaz, y eficiente y por haber llegado a su conocimiento en forma de denuncia por parte del ciudadano ROBERTH ROSENDO VEGA MARIDUEÑA, domiciliado en la Ciudadela Puerta Negra del cantón Babahoyo, en su calidad de padre biológico de los menores A█████ A█████ y S█████ T█████ V█████ T█████, de 2 y 4 años de edad, quienes han sido presuntamente víctimas de negligencia por la ciudadana DEYSI ALEXANDRA TENSACA JATIVA; domiciliada en la Avenida Universitaria y Calle U y Calle A del cantón Babahoyo, de la Provincia de Los Ríos; en merito en los Art. 75, 76, y 82 de la CRE., 2008, en conexidad jurídica con el Art. 238 del CONA, ordena que el Secretario CITE, en forma legal a la ciudadana DEYSI ALEXANDRA TENSACA JATIVA; MOTIVADOS en el CONA, Art. 79, 215, 216, 217, y 218 del CONA., se establecen las siguientes medidas de protección; la orden del cuidado del niño, niña menores en este caso A█████ A█████ y S█████ T█████ V█████ T█████, continúen bajo el cuidado y protección de su padre biológico ROBERTH ROSENDO VEGA MARIDUEÑA; Art. 219 seguimiento, revisión, evaluación y revocatoria de las medidas; que dentro de la respectiva audiencia hubieron hechos que debieron ser probados, los cuales acreditaban hacer una búsqueda de la verdad, conforme el Art. 238 tercer y cuarto inciso del Código Orgánico de la Niñez y Adolescencia; que no hubo conciliación y solicitó que se abra la causa a prueba; que los testigos se dedicaron exclusivamente a decir que el denunciante es buen padre, y ninguno de ellos probó el hecho fáctico, esto es probar el maltrato que hayan sufrido sus hijos; que tiene presentada demanda de recuperación; juicio No. 12201-2022-00050g; por todo lo expuesto interpone recurso de apelación; el mismo que fue concedido mediante auto dictado con fecha 8 de junio del 2022; las 17h00 Recibido el proceso, se avoca conocimiento del mismo y en auto de sustanciación emitido de fecha 14 de Junio del 2022, a las 09h55, se señala día y hora para que tenga lugar la audiencia de Alegatos; diligencia a la que comparecen la actora y sus abogados de manera presencial y el demandado y los señores Miembros de la Junta Cantonal de Protección de derechos, del Gobierno Municipal del cantón Babahoyo de manera virtual; y se llevó a cabo la audiencia conforme se registra en el CD, y acta de audiencia 93 a la 95; donde las partes comparecen y hacen sus alegatos verbales, la parte actora debió demostrar que la prueba que pretendía aporta en la Audiencia y que por su

naturaleza no se hubiere conocido dentro del proceso administrativo; Siendo el estado de la causa la de resolver, para hacerlo se considera.-**PRIMERO** La suscrita Jueza es competente para conocer y resolver la presente causa, de conformidad al Artículo 175 de la Constitución de la República del Ecuador, y Articulo 241.2 del Código Orgánico de la Niñez y Adolescencia .- **SEGUNDO:** En el desarrollo del proceso No existió omisión de solemnidad sustancial alguna que viole el procedimiento, por lo que se declara su validez procesal.- **TERCERO: LEGIMIDAD PROCESAL:** La actora comparece ante esta órgano judicial, al amparo de lo que establece el artículo 241, numeral 2 del Código de la Niñez y Adolescencia e interpone recurso de apelación de la Resolución emitida por la Junta Cantonal de Protección de Derechos; por lo tanto está legitimada para plantear este recurso de apelación; **CUARTO:** El Artículo 215 del Código de la Niñez y Adolescencia, determina que las medidas de protección son acciones que adopta la autoridad competente, mediante resolución judicial o administrativa, en favor del niño, niña o adolescente, cuando se ha producido o existe el riesgo inminente de que se produzca una violación de sus derechos por acción u omisión del Estado, la sociedad, sus progenitores o responsables o del propio niño o adolescente. En la aplicación de las medidas se deben preferir aquellas que protejan y desarrollen los vínculos familiares y comunitarios. Las medidas de protección se encuentran establecidas en el Art. 217 del Código Orgánico de la Niñez y Adolescencia, el Art. 218 del del Código Orgánico de la Niñez y Adolescencia, disposiciones en las que se establece que son competentes para disponer las medidas de protección de que trata este Título, los Jueces de la Niñez y Adolescencia, las juntas cantonales de Protección de Derechos y las entidades de atención en los casos contemplados en este Código; las medidas judiciales pueden ser solo otorgadas por los jueces la niñez y adolescencia, las medidas administrativas pueden ser indistintamente, por los Jueces de la Niñez y Adolescencia y las Juntas cantonales de Protección de Derechos. En el presente caso que nos ocupa, la Junta cantonal de Protección de Derechos, dentro de sus facultades, dispuso como medida de protección que los niños materia de este proceso, continúen bajo el cuidado y protección de su señor padre. El Art. 237 del Código Orgánico de la Niñez y Adolescencia, establece que el procedimiento administrativo de protección de derechos puede iniciarse de oficio o mediante denuncia verbal o escrita; y se detallará una serie de requisitos y dentro de las cuarenta y ocho horas de conocido el hecho o recibida la denuncia, el organismo administrativo avocará conocimiento y señalara día y hora para la audiencia de contestación; efectivamente dentro del término de ley, la Junta de Protección de Derechos de este cantón Babahoyo, en el auto inicial por considerar que los niños estaban siendo víctimas de negligencia, les concedió medidas de protección, disponiendo que los niños continúen bajo el cuidado y protección de su padre. El Art. 264 del Código Orgánico de la Niñez y Adolescencia, señala que la acción judicial de protección tiene por objeto obtener un requerimiento judicial para la protección de los derechos colectivos y difusos de la niñez y adolescencia y consiste en la imposición de una determinada conducta de acción u omisión, de posible cumplimiento dirigido a la persona o entidad requerida, con las prevenciones contempladas en la ley; Según el Artículo 45 de la Constitución de la República lo niños, y adolescentes gozaran de los derechos comunes además de los específicos de su edad como el derecho a la educción entre otros, el estado ecuatoriano se obligó a reconocer el derecho del

niño a la educación cuyo fin desarrollar la personalidad las aptitudes y capacidad mental y física del niño y a inculcar al niño, al respeto de los derecho humanos y las libertades fundamentales y preparar al niño para asumir una vida responsable en una sociedad libre con espíritu de comprensión, paz, tolerancia, e igualdad de los sexos y amistad entre todos los pueblos. Principios que constan en el Art. 28 en la Convención sobre los derechos del niño, que del mismo modo el Art. 37 del Código Orgánico de la Niñez y Adolescencia Garantiza el Derecho a la Educación de Niños, niñas y adolescentes Sistema Jurídico Nacional y Supranacional al cual todos estamos sometidos sin excepción alguna. En la especie, la accionante manifiesta que el Art. 238 del Código Orgánico de la Niñez y Adolescencia, no ha sido considerado por la Junta, esto es no se aperturó la causa a prueba. El derecho de aportar pruebas y la consiguiente consideración de los elementos probatorios por parte de las juezas y jueces, forma parte de tres de los más importantes principios rectores de todo proceso judicial, denominados: dispositivo, de inmediación y concentración, de conformidad con el artículo 19 del Código Orgánico de la Función Judicial, que señala: Artículo 19.- PRINCIPIOS DISPOSITIVO, DE INMEDIACIÓN Y CONCENTRACIÓN.- Todo proceso judicial se promueve por iniciativa de parte legitimada. Las juezas y jueces resolverán de conformidad con lo fijado por las partes como objeto del proceso y en mérito de las pruebas pedidas, ordenadas y actuadas de conformidad con la ley. Precisamente la posibilidad de aportar y contradecir pruebas en cualquier proceso judicial y el deber de las juezas y jueces de valorar todas las pruebas pedidas, ordenas y actuadas, tiene relación directa con el derecho a la defensa que conforme ha sido señalado por la Corte Constitucional "abarca desde la posibilidad de concurrir a un proceso, formar parte del mismo y poder defenderse al presentar y contradecir los alegatos y pruebas; en consecuencia dando cumplimiento a lo que establece el Art. 241 del Código Orgánico de la Niñez y Adolescencia, que señala en la audiencia de resolución las partes podrán presentar sus alegatos verbales y única y exclusivamente aquellas pruebas que se demuestra que por su naturaleza no se hubieren conocido en el proceso administrativo; esta juzgadora le concedió el uso de la voz a la abogada de la actora, para que practique pruebas; quien solicito que se tenga como prueba a su favor los mensajes que constan adjuntados a su escrito presentado el 24 de junio del 2022, prueba que no fue admitida, por las siguientes razones el Art. 147 del Código Orgánico de la Función Judicial, señala tendrán la validez y eficacia un documento físico, original los archivos de documentos, mensajes, imágenes, bancos de datos y toda aplicación almacenada o transmitida por medios electrónicos, informáticos, magnéticos, ópticos, telemáticos, satelitales o producidos por nueva tecnologías destinadas a la tramitación judicial; en concordancia con lo que señalan el numeral 3 del Art. 196 y Art. 202 del Código Orgánico General de Procesos; y el Art. 52 de la Ley de Comercio Electrónico; si bien es cierto como lo manifesté en líneas anteriores, los mensajes son una herramienta de carácter electrónico, apto para producir fe en juicio, no es menos cierto que no ofrece credibilidad alguna pues tal documento podría haber sido perfectamente manipulado, sobre todo con la cantidad de herramienta tecnológica disponibles que existen al alcance de cualquier persona, para que esta tenga validez era necesario realizar a los teléfonos prueba pericial informática, para determinar el origen real de las voces de las personas participantes, por lo tanto no tiene valor probatorio; **QUINTO:**



De lo manifestado por la parte apelante se establece claramente que ésta, ha estado fuera del país desde hace un año aproximadamente, dejando a sus hijos al cuidado de su abuela en línea materna; por lo que es necesario considerar lo que establece el Art. 105 del Código de la Niñez y Adolescencia que la patria potestad no solamente es el conjunto de derechos sino también de obligaciones de los padres relativos a sus hijos e hijas no emancipados, referentes al cuidado, educación, desarrollo integral, defensa, de derechos y garantías de los hijos de conformidad con la Constitución y la Ley; en concordancia con lo que señala el Art. 283 del Código Civil, la patria potestad es el conjunto de derechos que tienen los padres sobre sus hijos no emancipados; así encontramos que la Patria Potestad corresponde a ambos padres y ambos tienen el derecho y el deber de tener a sus hijos bajo su guarda y cuidado, atendiendo su desarrollo físico y moral, atender a su educación, dirigir su formación social, ética e ideológica. De esta forma los padres son los responsables del cuidado de sus hijos.
PRINCIPIOS FUNDAMENTALES: El art. 9 del Código Orgánico General de Procesos, establece función básica de la familia, la ley reconoce y protege a la familia, como el espacio natural y fundamental para el desarrollo integral del niño, niña y adolescente; corresponde prioritariamente al padre y a la madre, la responsabilidad compartida del respecto, protección y cuidado de los hijos y la promoción, respeto y exigibilidad de sus derechos; en concordancia con el Art. 100 que señala el padre y la madre tienen iguales responsabilidades en la dirección y mantenimiento del hogar, en el cuidado crianza, educación, desarrollo integral y protección de los derechos de sus hijos, dando cumplimento a lo que establecen los Arts. 11 y 60 del Código de la Niñez y Adolescencia, 44 de la Constitución de la República del Ecuador, y 31 del Código Orgánico General de Procesos, que en todos los procesos en los que se discutan los derechos de niños, niñas y adolescentes estos deber ser escudados. En este punto es importante analizar han venido regulando las audiencias de los menores antes de decidir, en cualquier proceso sobre asuntos o cuestiones que les afectan, en el sentido que el juez, antes de resolver sobre materias referidas menores, debía oír obligatoriamente a los menores que estén en condiciones de expresar su opinión; así el Art. 12 de la CONVENCION SOBRE LOS DERECHOS DEL NIÑO, determina "...1. Los Estados Partes garantizarán al niño que esté en condiciones de formarse un juicio propio el derecho de expresar su opinión libremente en todos los asuntos que afectan al niño, teniéndose debidamente en cuenta las opiniones del niño, en función de la edad y madurez del niño. 2. Con tal fin, se dará en particular al niño oportunidad de ser escuchado en todo procedimiento judicial o administrativo que afecte al niño, ya sea directamente o por medio de un representante o de un órgano apropiado, en consonancia con las normas de procedimiento de la ley nacional. Si bien es cierto que en el caso que nos ocupa, los niños actualmente tienen 2 y 4 años de edad, sin embargo se pudo observar que tienen buenas relaciones con su padre. Principio del interés superior del niño que se encuentra plasmado en el Art. 11 del Código de la Niñez y Adolescencia el mismo que en su inciso primero determina lo siguiente "El interés superior del niño. El Art 44 de la Constitución del Ecuador establece que "El Estado, la sociedad y la familia promoverán de forma prioritaria el desarrollo integral de las niñas, niños y adolescentes, y aseguraran el ejercicio pleno de sus derechos: Se atenderá el principio de su interés superior y sus derechos prevalecerán sobre los de las demás personas.- Las niñas, niños



y adolescentes tendrán derecho a su desarrollo integral, entendido como proceso de crecimiento, maduración y despliegue de su intelecto y de sus capacidades, potencialidades y aspiraciones, en un entorno familiar, escolar, social y comunitario de afectividad y seguridad. Este entorno permitirá las satisfacción de sus necesidades sociales, afectivas emocionales y culturales con el apoyo de es un principio que está orientado a satisfacer el ejercicio efectivo del conjunto de los derechos de los niños, niñas, y adolecentes; e impone a todas las autoridades administrativas y judiciales y a las instituciones públicas y privadas, el deber de ajustar sus decisiones y acciones para su cumplimiento" en consecuencia toda la normativa Constitucional y legal debe interpretarse de acuerdo al principio del interés superior del niño; por lo tanto al no encontrarse viviendo los niños con su madre, desde hace un año que se fue a vivir a España, lo niños debían estar con su padre; si la parte apelante no está de acuerdo con la medida adoptada por los miembros de la Junta Cantonal, al ser una medida temporal, debe acudir ante el mismo organismo, para que de considerarlo pertinente pueden ser sustituidas, modificadas o revocadas por la autoridad que las impuso; conforme lo establece la norma en el Art. 219 del Código Orgánico de la Niñez y Adolescencia; **SEXTO: DECISION:** Por los antecedentes expuesto la suscrita Jueza de la Unidad Judicial de Familia, Mujer, Niñez y Adolescencia con sede en el Cantón Babahoyo "ADMNISTRANDO JUSTICIA, EN NOMBRE DEL PUEBLO SOBERANO DEL ECUADOR, Y POR AUTORIDAD DE LA CONSTITUCIÓN Y LAS LEYES DE LA REPUBLICA": Niega el recurso de apelación presentada por la señora TENESACA JATIVA DEISY ALEXANDRA; y Confirma en todas sus partes la resolución dictada por la Junta Cantonal de Protección de Derechos. Devuélvase el expediente a su lugar de origen; dejando copias debidamente certificadas para el archivo. CÚMPLASE. NOTIFÍQUESE.

Resolució juez s

**RONQUILLO SANTILLAN ZORAIDA MERCEDES**

JUEZA(PONENTE)



CERTIFICO
QUE ES FIEL COPIA DE SU ORIGINAL
FECHA 23/05/2024
Ab. Edith Crespo Monserrate Mty.
SECRETARIA (E)
UNIDAD JUDICIAL DE FAMILIA, MUJER,
NIÑEZ, ADOLESCENCIA DE BABAHOYO

FUNCIÓN JUDICIAL
DOCUMENTO FIRMADO
ELECTRONICAMENTE

Firmado por
ZORAIDA
MERCEDES
RONQUILLO
SANTILLAN
C = EC
L = BABAHOYO
CI
1201516661