IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERTH R. VEGA MARIDUEÑA,<br>Petitioner,<br>v.<br>DEISY A. TENESACA JÁTIVA,<br>A/K/A VERONICA CRUZ,<br>Respondent. | No. 3:25-cv-00129-FDW-DCK |

## MOTION FOR REISSUANCE OF SUMMONS AND EXTENSION OF TIME IN WHICH TO SERVE PROCESS UPON THE RESPONDENT
*Fed. R. Civ. P. Rule 4(m)*

NOW COMES the Petitioner, by and through undersigned counsel, and hereby respectfully moves the Court to issue a new Summons and extend the time in which to serve process upon the Respondent. In support of this Motion, the Petitioner states the following:

1. This Petition was filed on February 19, 2025 (ECF Doc #1) invoking the Hague Abduction Convention of 1980 and the ICARA, 22 U.S.C. § 9001. Petitioner, who is Ecuadoran and living in Ecuador, is the left-behind parent of two Ecuadoran children. The Respondent is the abducting parent of Ecuadoran and Spanish citizenship. Undersigned counsel is appearing on behalf of the Petitioner *pro bono publico*.

2. Pursuant to the Court's Order of April 08, 2025 (Doc #5), Petitioner was permitted to proceed *in forma pauperis*, and the US Marshals service was ordered to effectuate service of process on the Respondent at no cost.

3. On April 10, 2025, at a virtual/WebEx hearing at the EOIR Charlotte

Immigration Court, the Respondent and her immigration attorney were made aware of the pendency of this action. Respondent did not indicate to the court that she had changed her address (which is legally required in immigration court). The file number and other information for this action was provided to her counsel, in the hopes that the Respondent would voluntarily accept service.

4. The US Marshals service was unable to serve the Respondent at the address that had been provided on Arrowcreek Drive in Charlotte, and returned the summons unexecuted as of April 22, 2025. (Doc #8) The address on Arrowcreek Drive was confirmed by the USDOS, the local school system, and by the Respondent's own statements in other filings and correspondence, including in an unrelated civil suit in Mecklenburg County pending around that time.

5. Upon information and belief, the Respondent has intentionally misrepresented her current address with a variety of other agencies and courts in order to avoid being found or served.

6. Thereafter, Counsel attempted to obtain alternative address information through a variety of means over the following months, but was unsuccessful. Counsel likewise attempted to serve via alternative methods, including by post and the Mecklenburg Co. Sheriff, which was unsuccessful. (Doc #7)

7. This week, undersigned Counsel has obtained a new potential address for the Respondent, and hopes to be able to move forward with attempting service of process.

8. More than 90 days have passed since the filing of this action and since the

issuance of the Summons alike. (Doc #6)

9. All due diligence has been exercised thus far in attempting to serve the Respondent.

10. Should attempts to serve the Respondent at the new address not be successful, it would represent the exhaustion of months of diligent efforts and financial expenditures by *pro bono* counsel. It would in that case appear appropriate to proceed with service by Publication as allowed in state courts under N.C. Gen. Stat. § 1A-1, Rule 4(j1), given the general whereabouts of the Respondent in the Charlotte area, when it has not been possible to serve her by any other means.

11. Although advanced permission of the Court is not required for service by publication in general civil actions, it is requested here for clarity's sake and to avoid the expenditure of resources.

WHEREFORE, Petitioner respectfully requests that the Court issue an Order that:

1. The Petitioner is granted an additional 120 days in which to effectuate service of process;

2. That the Clerk's Office shall reissue summonses to such addresses as may be obtained by the Petitioner and redirect US Marshal service upon such addresses;

3. That if the Respondent is not able to be served at the new address just obtained, that the Petitioner be permitted to proceed with service of process by publication as contemplated under the N.C. Rules of Civil Procedure, Rule 4(j1); and

4. Grants such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted this the 27th day of August, 2025.

THE LAW OFFICE OF DERRICK J. HENSLEY, PLLC

by: _____
Derrick J. Hensley     NC Bar # 42898
401 Meadowland Dr., Ste. 201
Hillsborough, NC 27278
t. (919) 480-1999 | f. (919) 636-6018
Staff@LODJH.com
*Counsel for Petitioner*

*No Certificate of Service - Respondent not yet Served with Process*