IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERTH R. VEGA MARIDUEÑA, )<br>    Petitioner, )<br>v. )<br>DEISY A. TENESACA JÁTIVA, )<br>*A/K/A* VERONICA CRUZ, )<br>    Respondent. )<br>   ) | No. 3:25-cv-00129-FDW-DCK |

### MOTION FOR AN ORDER TO SHOW CAUSE, FOR PROVISIONAL REMEDIES UNDER THE HAGUE CONVENTION/ICARA, AND FOR SCHEDULING OF AN EXPEDITED HEARING

NOW COMES the Petitioner, by and through undersigned counsel, and hereby respectfully moves the Court to issue an Order to Show Cause for Respondent, to Order Provisional Remedies, to schedule an Expedited Hearing, and to allow Petitioner and witnesses from Ecuador to participate and testify by video. In support of this Motion, the Petitioner states the following:

1. This Petition was filed on February 19, 2025 (ECF #1) invoking the Hague Abduction Convention of 1980 and the ICARA, 22 U.S.C. § 9001, and meeting the one-year filing deadline for the Petition to prevent application of the defense of being well settled ("acclimatized") under Article 12 of the Convention.

2. Petitioner is Ecuadoran and living in Ecuador. He is the left-behind parent of two Ecuadoran children. Undersigned counsel is appearing on behalf of the Petitioner *pro bono publico*.

3. The Respondent is the abducting parent, who is of Ecuadoran and Spanish citizenship. She has resided in the USA off and on for years, upon information and

belief, both previously and currently in violation of the immigration laws of the United States.

4. After spending most of this year attempting to locate and perfect service of process on the Respondent, the US Marshals were able to serve her on September 15, 2025. Proof of service was received back and and filed with the Court earlier this week (ECF # 12-13).

5. Upon information and belief, the Court appointed *pro bono* counsel at Nelson Mullins Riley & Scarborough LLP to assist the Respondent.

6. Since at least April 10, 2025, the Respondent has had actual notice of these proceedings. Both she and her immigration attorney were made aware of the pendency of this action during an immigration court hearing that occurred by WebEx. Counsel also notified and asked for cooperation in accepting service of process by email to Respondent's immigration counsel at the time.

7. Since the filing of the Petition, at which point Petitioner had been deprived of any contact or relationship with the minor children for nigh on a year, the Respondent has continued to prevent communication and refused to provide any information about the children's welfare.

8. Respondent's absconsion and complete excision of the Petitioner from the lives of the minor children reflect typical behavior by an abductor. The Convention and ICARA were designed to deter and remedy precisely these kinds of harms.

9. Wherefore, pursuant to Sections 2 and 5(b) of the Hague Convention and to ICARA, the Petitioner by and through his undersigned counsel, hereby moves the

Court for an Order to govern the scheduling and handling of this matter under special, expedited circumstances. The Petitioner makes three specific requests, which will be addressed in turn.

10. Respondent, by and through her counsel, is presently seeking an extension of time in which to respond to the Petition. Such a delay would be in conflict with the relief sought herein, and it is believed that the Respondent opposes these requests.

## A. Request for an Order to Show Cause Why the Relief Requested in the Verified Petition Should Not Be Granted

11. First, Petitioner requests that this matter be handled procedurally in the manner of a *Habeas Corpus* or other similar petition, rather than a civil proceeding. More specifically, the Petitioner requests that the Court not allow any discovery process, that the Court shorten or waive the time frames that apply to pleadings and motions, and that the Court issue a Show Cause order requiring the Respondent to appear and show cause why the relief prayed for below should not be granted.

12. This procedural practice is not detailed by statute or treaty, and there is no rule of procedure addressing the same. Nevertheless, undersigned counsel is unaware of any Hague Convention cases that have proceeded under the Federal Rules of Civil Procedure as a 'standard' civil action. Rather, Courts have taken several different paths toward adjudicating Petitions under the Hague Convention.

13. Using the framework of a *Habeas Corpus* petition would comport with several cases in the districts of this state and throughout this circuit. That practice was

mentioned as being an appropriate (or at least unremarkable) mechanism in the case *Miller v. Miller*, 240 F.3d 392 (4th Cir. 2001) (see, e.g., *Zajaczkowski v. Zajaczkowska*, 932 F. Supp. 128 (D. Md. 1996)). The goal of these Petitions is a swift, imperative remedy so as to minimize the anxiety and unsettlement of the child, and to avoid assimilation that could lead to subsequent difficulties for children.

## B. Request for Provisional Remedies under ICARA and the Hague Convention

14. Second, Petitioner requests that this Court employ provisional remedies under ICARA and the Hague Convention and issue an Order to (a) prohibit Respondent from removing the Children from the jurisdiction of this Court, (b) surrender any/all of the Children's passports to the Clerk's office and (c) to produce the Children at any scheduled merits hearing.

15. Under Article 7(b) of the Convention and under ICARA at 22 U.S.C. § 9004(a),[1] a district court is empowered to take appropriate provisional measures "to protect the well-being of the children involved or to prevent the children's further removal or concealment before the final disposition of the petition."

---

[1] The full text of 22 U.S.C. §9004 reads as follows: *Provisional remedies:*
*(a) Authority of courts: In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 9003(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.*
*(b) Limitation on authority: No court exercising jurisdiction of an action brought under section 9003(b) of this title may, under subsection (a) of this section, order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied.*

16. In the present case, it would stand to reason that a Respondent, who is wrongfully retaining Children and who may be facing a legal reckoning on that account, may choose further flight or delay in order to preserve a favorable *status quo*. The Respondent has possession of the Children's travel documentation in the form of their passports.

17. Without a Court order prohibiting the Respondent from leaving before the hearing date, or allowing the Respondent to retain the Children and their travel documents until after the Court reaches a decision, the Respondent would be free to engage in further flight or forum-shopping.

18. Moreover, if this Court is to be practically able to effectuate a return to Ecuador, and prevent flight to any other jurisdiction or country, it must have the authority to order the Parties to transfer any necessary travel documents.

19. ICARA specifically allows for the Court to use any available remedies under state law to achieve the goal of preventing further flight of a child.[2] Under N.C. Gen. Stat. § 50A-210(a), courts may order parties to appear and to bring a minor child to hearings.[3]

20. Thus, in the present case, this Court has the authority to issue an order for the Respondent to appear at the hearing, and for the Respondent to bring the Children with her.

---

[2] 22 U.S.C. §9004
[3] The text of § 50A-210 is as follows: *(a) In a child-custody proceeding in this State, the court may order a party to the proceeding who is in this State to appear before the court in person with or without the child. The court may order any person who is in this State and who has physical custody or control of the child to appear in person with the child… (c) The court may enter any orders necessary to ensure the safety of the child and of any person ordered to appear under this section.*

21. Under the specific provisions of ICARA, including to prevent further flight, and to facilitate any possible return of the Children, it would be entirely appropriate that the Children's travel documents, including specifically any and all passports, should be brought to the Court at any dispositive hearing, or potentially deposited with the Clerk's office for safekeeping at some earlier point.

**C. Request for an Expedited Hearing**

22. Thirdly, the Petitioner requests pursuant to Article 2 of the Hague Convention that this Court issue an Order setting an expedited hearing date, at least ten days from the date of the Court's order, and giving notice in compliance with 22 U.S.C. § 9003(c), such order being designed to provide Respondent sufficient notice and preparation time so that the full hearing on the Petition need not be rescheduled or needlessly delayed.

23. The Hague Convention requires that a contracting state provide for the most expeditious procedures possible for its implementation. The primary limitation on this expediency mandate is that under § 9004(b) removal of physical custody of a child must comport with state law procedures. The other limitation is that under § 9003(c) notice (referring largely to service of process) shall comport with those governing child custody proceedings.

24. Under North Carolina's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), N.C. Gen. Stat. § 50A-101 *et seq.*, and the section on "Procedure in actions for custody or support of minor children" at N.C. Gen. Stat. § 50-13.5, at least ten days' notice must be given before issuing an order transferring

custody of a minor child, absent emergency circumstances.[4] Under § 50A-205, the parents of a minor child are necessary parties, and must be given notice and an opportunity to be heard.[5]

25. Thus, this Court must provide enough time to satisfy the NC Statutory minimum time frame of ten days.

26. Relatedly, the Petitioner is a citizen and resident of Ecuador and does not enjoy such material resources as to allow him to make trips for the purpose of attending hearings, even if he were allowed to travel here. Petitioner must obey the immigration laws of the USA and in fact faces a bar to his return as a result of his and his children's travel to the country right before the abduction or retention of February 23, 2024.

27. Therefore, the Petitioner would request that the Court schedule the merits hearing for the purpose of addressing the Petition, once and for all, and that the Court disfavor any additional settings or delays.

28. As mentioned above, this Court should select a date as soon as practicable, yet sufficient to allow the Respondent to prepare and be meaningfully heard, and with at least ten days advance notice to the Respondent.

---

[4] The text of N.C. Gen. Stat. § 50-13.5 (d) is as follows: *Service of Process; Notice; Interlocutory Orders. - Motions for custody of a minor child in a pending action may be made on 10 days notice to the other parties and after compliance with G.S. 50A-205.*
[5] The text of § 50A-205(a) is as follows: *Before a child-custody determination is made under this Article, notice and an opportunity to be heard in accordance with the standards of G.S. 50A-108 must be given to all persons entitled to notice under the law of this State as in child-custody proceedings between residents of this State, any parent whose parental rights have not been previously terminated, and any person having physical custody of the child.*

## D. Request for Petitioner's participation and Witness's testimony by video and Spanish interpretation

29. Petitioner, and potentially other witnesses from Ecuador, would be unlikely to be able to obtain authorization to travel to the USA to testify in person, especially on an accelerated timeline as is sought, *supra*.

30. In order to vindicate the rights of the Petitioner and present his case, he requests that he be allowed to participate in any and all hearings via video conference.

31. For the trial of this matter, he would further request that any of his witnesses be allowed to appear by the same medium in order to provide testimony.

32. The Petitioner and intended witnesses would need a Spanish interpreter for testimony, and for the Petitioner to understand and participate in the proceedings. Upon information and belief, Respondent would also need the assistance of an interpreter.

**WHEREFORE, Petitioner respectfully requests that the Court issue an Order that:**

1. That the Court issue an Order to Show Cause requiring the Respondent to appear with the Children and any and all passports/travel documents for the Children, and to show cause why the relief prayed for herein should not be granted;

2. That this matter be subject to expedited scheduling, and to effectuate the same, that the court issue an Order:

a. eliminating discovery and dispositive or other pretrial motions;

b. setting an expedited hearing date, at least ten days from the date of the Court's Order to Show Cause, while providing Respondent sufficient notice and preparation time so that the full hearing on this Petition need not be rescheduled or needlessly delayed, and while not extending the length of time to dispose this case past sixty days; and

c. giving notice in compliance with 22 U.S.C. § 9003(c);

3. That this Court allow the Petitioner and any witnesses to testify by remote means;

4. And that this Court grant such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted this the 3rd day of October, 2025.

                THE LAW OFFICE OF DERRICK J. HENSLEY, PLLC

      by:    /s/ Derrick J. Hensley
              Derrick J. Hensley    NC Bar # 42898
              401 Meadowland Dr., Ste. 201
              Hillsborough, NC 27278
              t. (919) 480-1999 | f. (919) 636-6018
              Staff@LODJH.com
              **Counsel for Petitioner**

<u>CERTIFICATE OF SERVICE</u>
*Fed. R. Civ. P., Rule 5*

I filed the foregoing using the CM/ECF system, which will send a notice of this filing to Counsel who entered appearance for the Respondent:

Counsel for Respondent, Deisy A. Tenesaca Játiva:
    Matthew A. Abee - matt.abee@nelsonmullins.com
    Nelson Mullins Riley & Scarborough LLP
    1320 Main Street, 17th Floor, Columbia, SC  29201
    t. 803.255.9335

Dated: <u>10/03/2025</u>        /s/ Derrick J. Hensley
                                     N.C. Bar # 42898
                                     ***Counsel for Petitioner***