IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Roberth R. Vega Maridueña,<br><br>                    Petitioner,<br><br>vs.<br><br>Deisy Alexandra Tenesaca Jativa,<br>*A/K/A* Veronica Cruz,<br><br>                    Respondent. | Civil Action No.: 3:25-cv-00129-FDW-DCK |

**Respondent's Return to Verified Emergency Petition**

Respondent Deisy Alexandra Tenesaca Jativa ("Mother") files this Return to the Verified Emergency Petition For the Return of Children to Petitioner [or Ecuador], Motion for Order to Show Cause, Provisional Remedies, To Seal, To Allow Remote Video Testimony, and For Scheduling An Expedited Hearing (ECF No. 1) (the "Petition") filed by Roberth R. Vega Maridueña ("Father") on February 19, 2025. The Court should deny the Petition because:

- Father poses a clear and ongoing danger to the safety and well-being of seven-year-old son, S.T.V.T., and four-year-old daughter, A.A.V.T. ("the Children").

- Mother will show that she suffered abuse at the hands of Father for years and when she finally escaped him, Father turned his hands towards the Children.

- Now that the Children are safe from Father, they are thriving, and detrimental harm would occur if the Children were made to return to Ecuador.

Mother further answers the Petition by denying its allegations and otherwise responding:

## Introduction

1. Responding to paragraph 1, Mother admits only that Petitioner is a citizen of Ecuador, and that Mother had the Children with Father. Mother denies the remaining allegations in paragraph 1.

2. Paragraph 2 contains legal conclusions to which no response is necessary. To the extent a response is required, Mother admits the allegations in Paragraph 2.

3. Paragraph 3 contains legal conclusions to which no response is necessary. To the extent a response is required, Mother refers to Article 1 of the Convention, which speaks for itself, and states that the Convention does not pursue return of the Children at all costs, which is why it provides for various affirmative defenses Mother will prove as set forth below. Mother denies any remaining allegations in paragraph 3.

4. Paragraph 4 contains a legal conclusion to which no response is necessary. To the extent a response is required, Mother refers to Article 19 of the Convention, which speaks for itself, and states that the Convention and ICARA do not require the Children's rights and interests be ignored altogether, which is why the Convention and ICARA provide for various affirmative defenses Mother will prove as set forth below. Mother denies any remaining allegations in paragraph 4 and does not admit the authenticity, validity, or accuracy of the referenced exhibit.

5. Paragraph 5 contains a legal conclusion to which no response is necessary. To the extent a response is required, Mother refers to 22 U.S.C. § 9003(b),

which speaks for itself, and states that ICARA does not compel courts to ignore established practice and procedure altogether. Mother denies any remaining allegations in paragraph 5.

6. Paragraph 6 does not require a response from Mother. To the extent a response is required, Mother denies that allegations in paragraph 6.

7. Paragraph 7 does not require a response from Respondent. To the extent a response is required, Mother denies that allegations in paragraph 7.

8. Responding to paragraph 8, Mother admits that she is not aware of any pending North Carolina state court matter involving the custody or welfare of the Children and denies the remaining allegations in paragraph 8.

## Jurisdiction and Venue

9. Responding to paragraph 9, Mother admits that based on the information available at this time, that this Court has subject matter jurisdiction to decide the question of wrongful removal and that venue is proper in this District. Respondent denies any remaining allegations in paragraph 9.

## Statement of Facts

10. Mother admits the allegations in paragraph 10.

11. Mother is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore, denies the allegations. Responding to the footnote in paragraph 11, Mother denies that the Children have not had any lawful basis to reside in the United States.

12. Mother admits the allegations in paragraph 12, but does not admit the authenticity, validity, or accuracy of the referenced exhibit.

13. Mother admits the allegations in paragraph 13.

14. Responding to paragraph 14, Mother admits only that the Children have never been to Spain. Mother denies the remaining allegations in paragraph 14.

15. Responding to paragraph 15, Mother admits that the Children have been in the United States since February 23, 2024, but denies the remaining portions of paragraph 15.

16. Mother admits the allegations in paragraph 16.

17. Responding to paragraph 17, Mother admits only that she and Father separated in April 2021 and that the Children were around one and three years old. Mother denies the remaining allegations in paragraph 17.

18. Mother denies the allegations in paragraph 18.

19. Mother is without information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 19, and therefore, denies the allegations in paragraph 19.

20. Responding to paragraph 20, Mother admits only that Father filed litigation about the Children in Ecuador and that she appealed. Mother denies the remaining allegations in paragraph 20 and does not admit the authenticity, validity, or accuracy of the referenced exhibit.

21. Responding to paragraph 21, Mother admits only that she visited the Children in May 2022. Mother is without information or knowledge sufficient to form

a belief as to the truth of the remaining allegations, and therefore, denies the remaining allegations in paragraph 21.

22. Responding to paragraph 22, Mother admits only that a decision was issued, but Mother denies the validity of that decision and its finality. Mother denies the remaining allegations in paragraph 22 and does not admit the authenticity, validity, or accuracy of the referenced exhibit.

23. Mother denies the allegations in paragraph 23.

24. Responding to paragraph 24, Mother admits only that her older son, who is not the subject of this Petition, resided in Spain in 2022. Mother denies the remaining allegations in paragraph 24.

25. Responding to paragraph 25, Respondent is without information or knowledge sufficient to form a belief as to the truth of the allegation that Father went to Mexico in November 2022. Respondent denies the remaining allegations in paragraph 25.

26. Responding to Paragraph 26, Mother admits only that Father is a former soldier of the Ecuadorian army. Mother admits in part that she was living abroad, in order to provide for the Children. Mother denies the remaining allegations in paragraph 26.

27. Responding to paragraph 27, Mother admits only that in February 2024, she was living in the United States, that Father and the Children could not receive visas at that time, that Father and the Children traveled by air to meet her in

Charlotte, North Carolina. Mother denies the remaining allegations in paragraph 27.

28. Responding to paragraph 28, Mother admits that she, Father, and the Children drove to a location at which she was living with other persons. Mother denies the remaining allegations in paragraph 28.

29. Responding to paragraph 29, Mother only admits that, out of fear for her and the Children's safety in response to Father's threats, she and the Children retreated through a window in a bedroom. Mother denies her family made noise to distract Father. Mother lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and therefore, denies the remaining allegations in paragraph 29.

30. Responding to Paragraph 30, Mother admits that she sought support from the police as a victim because Father had attacked her, and that she was not arrested. Mother lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30, and therefore, denies the allegations in paragraph 30.

31. Mother denies the allegations in paragraph 31 and the footnote in paragraph 31.

32. Mother denies the allegations in paragraph 32.

33. Mother denies the allegations in paragraph 33.

34. Mother denies the allegations in paragraph 34.

35. Responding to paragraph 35, Mother admits only that she refused to return the Children to Father or provide information on their whereabouts in light of Father's abuse and threats, and therefore, concern for their safety. Mother denies the remaining allegations in paragraph 35 and the footnote in paragraph 35.

36. Mother denies the allegations in paragraph 36.

37. Mother lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore, denies the allegations in paragraph 37.

38. Mother lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore, denies the allegations in paragraph 38.

39. Mother lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore, denies the allegations in paragraph 39.

40. Mother lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore, denies the allegations in paragraph 40.

41. Responding to paragraph 41, Mother admits that Father has not had contact with the Children. Mother denies the remaining allegations in paragraph 41.

42. Mother lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore, denies the allegations in paragraph 42.

43. Responding to paragraph 43, Mother admits that the Children are in Removal Proceedings at the time this Return is filed. Mother denies any remaining allegation in paragraph 43 and does not admit the authenticity, validity, or accuracy of the referenced exhibit.

44. Mother denies the allegation in paragraph 44.

45. Paragraph 45 contains a legal conclusion to which no response is necessary. To the extent a response is required, Mother denies the allegations in paragraph 45.

## Wrongful Retention of Children by Mother:

## Claim For Relief Under the Convention

46. Mother denies the allegations in paragraph 46.

47. Mother denies the allegations in paragraph 47.

48. Mother denies the allegations in paragraph 48.

49. Mother denies the allegations in paragraph 49.

50. Mother denies the allegations in paragraph 50.

51. Mother admits the allegations in paragraph 51, but denies that the Convention applies to require the Children's return in this case.

52. Mother denies the allegations in paragraph 52.

## Evidence (22 U.S.C. § 9005)

53. Paragraph 53 contains a legal conclusion for which no response is necessary. To the extent a response is required, ICARA, which speaks for itself, and Mother denies any allegation in paragraph 53 that is inconsistent therewith.

54. Paragraph 54 contains a legal conclusion for which no response is necessary. To the extent a response is required, ICARA, which speaks for itself, and Mother denies any allegation in paragraph 54 inconsistent therewith.

55. Paragraph 55 contains a legal conclusion for which no response is necessary. To the extent a response is required, the Federal Rules of Evidence which speaks for itself, and Mother denies any allegation in paragraph 55 inconsistent therewith.

### Notice of Hearing (22 U.S.C. § 9003(c))

56. Paragraph 56 contains a legal conclusion to which no response is necessary. To the extent a response is required, 22 U.S.C. § 9003(c) speaks for itself, and Mother denies any allegation in paragraph 56 inconsistent therewith.

57. Paragraph 57 contains a legal conclusion to which no response is necessary. To the extent a response is required, 22 U.S.C. § 9004 speaks for itself, and Mother denies any allegation in paragraph 57 inconsistent therewith.

### Motion for an Order to Show Cause, for Provisional Remedies Under the Hague Convention, and for Scheduling of an Expedited Hearing

58. Paragraphs 58–72 request relief in the form of a motion that approximates the Motion for an Order to Show Cause, for Provisional Remedies Under the Hague Convention, and for Scheduling of an Expedited Hearing (ECF No. 16) that Father filed on October 3, 2025. This Petition is not the proper vehicle in which Father should be permitted to request this relief. As set forth in the Local Rules, Mother has until October 17, 2025, to respond to the Motion, and she intends to do so to oppose the identical relief sought there. Mother denies that Father is

entitled to all the relief he seeks in paragraphs 58–72 of the Petition for the reasons set forth in her introductory paragraph and the affirmative defenses set forth below. Mother respectfully requests that this motion be denied.

**A. Request for an Order to Show Cause Why the Relief Requested in the Verified Petition Should Not Be Granted**

59. Responding to paragraph 59, Mother denies that handling this matter in the form of a *Habeas Corpus* proceeding is proper. Although Mother admits that proceedings under the Convention and ICARA are expedited, and that the procedural practice for such actions are not detailed by statute or treaty, she denies that the established Federal Rules of Civil Procedure and Federal Rules of Evidence can be ignored altogether. As a result, some limited discovery to avoid trial by ambush is procedurally proper.

60. Responding to paragraph 60, Mother incorporates her response to the foregoing paragraph by reference.

**B. Request for Provisional Remedies under ICARA and the Hague Convention**

61. Responding to paragraph 61, Mother denies that Father has established an entitlement to provisional remedies under ICARA, the Convention, and/or state law, which are in the form of injunctive relief to which Father has failed to seek in conformity with Fed. R. Civ. P. 65. Responding further, Mother submits that she has no plans on leaving the State of North Carolina with the Children and that she will produce to the Children's passports to the Court; however, based on the threats made

by Father and the danger that he presents to her and the Children, Mother requests that the Children not be required to attend the merits hearings.

62. Responding to paragraph 62, Mother incorporates her response to the foregoing paragraph by reference.

63. Responding to paragraph 63, Mother incorporates her response to the foregoing paragraph by reference.

### C. Request for an Expedited Hearing

64. Responding to paragraph 64, Mother agrees that this matter should be heard in an expedited fashion. That said, Mother requests that adequate time be given for limited discovery so that the parties may prepare for the hearing and states that, given the affirmative defenses raised, ten days is not sufficient or reasonable.

65. Responding to paragraph 65, Mother incorporates her response to the foregoing paragraph by reference.

66. Mother lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 66, and therefore, denies the allegations in paragraph 66.

67. Responding to paragraph 63, Mother incorporates her response to paragraph 64 by reference.

### D. Note for Redaction of Exhibits and Motion to Seal

68. Mother has no objection to the relief requested in paragraph 68.

69. Mother has no objection to the relief requested in paragraph 69.

## Motion for Petitioner and Witnesses to Testify via Remote Conference and for Interpretation in Spanish

70. Mother lacks information or knowledge sufficient to form a belief as to the allegations asserted in paragraph 70, and therefore, denies the allegations in paragraph 70.

71. Responding to paragraph 70, Mother has no objections to witnesses testifying by video conference so long as the requirements of Fed. R. Civ. P. 43(a) are met. Mother likewise requests that her witnesses be allowed to participate in any and all hearings via video conference as well.

72. Responding to paragraph 71, Mother has no objections to witnesses testifying by video conference so long as the requirements of Fed. R. Civ. P. 43(d) are met. Mother likewise requires a Spanish interpreter.

## Prayer for Relief

73. 73. Responding to Paragraph 1 following "RELIEF REQUESTED", Respondent does not object to the relief requested.

74. Responding to Paragraph 2 following "RELIEF REQUESTED", Respondent objects to the relief requested.

75. Responding to Paragraph 3 following "RELIEF REQUESTED", Respondent does not object to an expedited hearing, but requests sufficient time to adequately prepare. Respondent objects to Petitioner's request to eliminate the discovery process and to shorten and/or waive time frames that apply to responsive pleadings and motions.

76. Responding to Paragraph 4 following "RELIEF REQUESTED", Respondent does not object to the relief requested.

77. Responding to Paragraph 5 following "RELIEF REQUESTED", Respondent denies that Petitioner is entitled to the relief sought.

78. Responding to Paragraph 6 following "RELIEF REQUESTED", Respondent denies that Petitioner is entitled to any additional relief.

## Affirmative Defenses

79. Mother asserts the following defenses based upon her present knowledge of the circumstances giving rise to the Petition. Mother reserves the right to supplement her defenses upon completion of discovery or upon learning of any additional facts that are not presently known or reasonably knowledgeable. By listing these defenses below, Mother does not concede that she has the burden of proving any one of those defenses, but sets forth certain defenses so as to provide notice to the Court and parties for the reasons the Petition should be denied.

### First Defense

80. The Court should dismiss the Petition under Article 3 of the Convention because at the time of the alleged retention, the Children's habitual residence was North Carolina; therefore, Father is without the ability to make a prima facie case. *See Monasky v. Taglieri*, 589 U.S. 68, 80 (2020).

81. The Children have acclimatized to North Carolina since February 2024. Through the date of service of the Petition, the Children have resided in North Carolina for a period of approximately 20 months.

## Second Defense

82. The Could should deny the Petition under Article 13(b) of the Convention because there is a grave risk of harm that the Children will suffer emotional, physical, or psychological harm, or otherwise be placed in an intolerable situation, if returned to Ecuador.

83. A court should "refuse to order the repatriation of a child if 'there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.'" *Blondin v. Dubois*, 238 F.3d 153, 156 (2d Cir. 2001) (quoting Hague Convention, art. 13(b)).

84. Here, clear and convincing evidence confirms the Children were exposed to neglect, physical and emotional abuse by Father, as well as physical and sexual abuse by Father upon Mother. Father's actions establish a grave risk of harm upon return as anticipated by Article 13(b) of the Convention. *Id.*; *Colchester v. Lazaro*, 16 F.4th 712, 718 (9th Cir. 2021).; *Acosta v. Acosta*, 725 F.3d 868, 876 (8th Cir. 2013); *Baran v. Beaty*, 526 F.3d 1340, 1352 (11th Cir. 2008); *Van De Sande v. Van De Sande*, 431 F.3d 567, 570 (7th Cir. 2005); *Walsh v. Walsh*, 221 F.3d 204, 220 (1st Cir. 2000).

85. Petitioner will likely continue such acts if the Children are returned to Ecuador, which is not a country that can protect Mother or the Children from Father's physical and other threats. As a result, the Petition should be denied. *Golan v. Saada*, 596 U.S. 666, 680 (2022).

**Third Defense**

86. The Court should deny the Petition under Art. 12 of the Convention because the Children are now well settled in North Carolina, and Father failed to "commence" this action within one year of the alleged wrongful removal. Alcala v. Hernandez, 826 F.3d 161, 169 (4th Cir. 2016) ("In other words, the Convention does not require a court to order a child returned if the action under the Convention was not commenced within one year of the abduction and the child is now settled in her or his new environment.").

87. Here, the preponderance of the evidence confirms that the Children have significant connections to North Carolina, having resided here for approximately 20 months. Their significant connections to the local community, family living nearby, their school and church, and other extracurricular activities demonstrate a secure, stable, and permanent life" in North Carolina. As a result, removing the Children from the United States would do more harm than good, so the Court should deny the Petition.

**Fourth Defense**

88. The Petition should be dismissed pursuant to Art. 13 of the Hague Convention, because the "Children object to being returned and have "attained an age and degree of maturity at which it is appropriate to take account of its views." Hague Convention, art. 13; 22 U.S.C. § 9003(e)(2)(B).

89. Here, Mother is informed and believe that the preponderance of the evidence establishes that the Children object to being returned to Ecuador, and at

least one of the Children are mature enough for the Court to take into consideration those objections.

### Fifth Defense

90. Clear and convincing evidence establishes that return should "not be permitted by the fundamental principles of the [United States] relating to the protection of human rights and fundamental freedoms." Hague Convention art. 20.

### Sixth Defense

91. Father is precluded from the relief he seeks by virtue of the doctrine of unclean hands and/or the fugitive disentitlement doctrine.

### Seventh Defense

92. Mother reserves the right, upon completion of her investigation and discovery, to file additional defenses.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Matthew A. Abee*
    Matthew A. Abee, NC Bar No. 46949
    E-Mail: matt.abee@nelsonmullins.com
    1320 Main Street / 17th Floor
    Columbia, SC  29201
    (803) 799-2000

October 14, 2025    *Attorney for Respondent*

## Certification Regarding Use of Artificial Intelligence

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## Certificate of Service

I certify that the date set forth below, a copy of the foregoing was filed electronically through the Court's CM/ECF system and served on all counsel of record as follows:

Derrick J. Hensley
The Law Offices of Derrick J. Hensley, PLLC
401 Meadowland Drive, Suite 201
Hillsborough, NC 27278
(919) 4890-1999
derrick@lodjh.com
*Attorney for Petitioner*

                        NELSON MULLINS RILEY & SCARBOROUGH LLP

                        By: */s/ Matthew A. Abee*
                            Matthew A. Abee, NC Bar No. 46949
                            E-Mail: matt.abee@nelsonmullins.com
                            1320 Main Street / 17th Floor
                            Columbia, SC  29201
                            (803) 799-2000

October 14, 2025          *Attorney for Respondent*