IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Roberth R. Vega Maridueña,<br><br>                          Petitioner,<br><br>   vs.<br><br>Deisy Alexandra Tenesaca Játiva,<br>*A/K/A* Veronica Cruz,<br><br>                          Respondent. | Civil Action No.:<br>3:25-cv-00129-FDW-DCK |

**Joint Status Report Regarding Petitioner Roberth R. Vega Maridueña's Motion for Order to Show Cause, Provisional Remedies, To Seal, To Allow Remote Video Testimony, and For Scheduling an Expedited Hearing**

Respondent Deisy Alexandra Tenesaca Játiva ("Mother") and Petitioner Roberth R. Vega Maridueña's ("Father") jointly file this status report with regard to Father's Motion for Order to Show Cause, Provisional Remedies, To Seal, To Allow Remote Video Testimony, and For Scheduling an Expedited Hearing ("the Motion") (ECF No. 16). Following a telephone conference on October 16, 2025, the parties jointly report:

1. The parties have been able to narrow the issues that are the subject of the Motion and are continuing to confer to address the remaining issues.

2. Therefore, the parties jointly request that Mother be allowed to and through <u>Tuesday, October 21, 2025</u>, respond to the Motion as to any remaining issues. By that extended deadline, the parties—with the Court's permission—plan to file either a proposed order and supplemental joint status report if there is agreement on

all issues, or Mother will file her response brief outlining the issues that remain in dispute.

    3.    Based on their meeting to confer about the Motion, the parties agree:

        a.    This trial should be handled in an expedited fashion, subject to the Court's availability. The parties request that the Court schedule a bench trial lasting 2-3 days in this matter aiming to conclude before the second week of December.

        b.    Magistrate jurisdiction is appropriate. The parties plan to file the appropriate consent form.

        c.    Certain *limited* discovery is appropriate in this matter. For limited discovery, the parties agree that:

            i.    a limited exchange of documents is appropriate;

            ii.    they should be permitted to subpoena documents and individuals for testimony, and that Rule 45 of the Federal Rules of Civil Procedure should apply to any such subpoenas; and

            iii.    depositions may be taken remotely as needed to preserve testimony for trial or by consent.

        d.    As for written discovery, the parties are not yet in agreement about its scope. Mother has provided Father with a list of requested documentation and the parties will work together in good faith to exchange documents as necessary. Regardless, the parties agree that all documents to be offered as evidence at the

hearing in this matter will be exchanged no later than 10 days before trial, and the parties will confer to attempt to offer joint exhibits.

    4.    Mother and Father agree that video testimony and the services of an interpreter shall be permitted at trial, subject to the Courts approval and directives. The parties will work together to identify an interpreter and to file a joint motion to permit remote testimony.

    5.    Mother agrees to surrender the minor children's passports to counsel for safekeeping at Nelson Mullins Riley & Scarborough, LLP.

    6.    Mother and Father are working on language for an agreed-upon travel restriction for the minor children during the pendency of the matter. They anticipate such a restriction will prohibit the children from leaving North Carolina and South Carolina until the Court issues an order directing or refusing return to Ecuador, or until further order from the Court.

    7.    The parties continue to confer about the possibility of remote visitation between Father and the minor children under the supervision of a third-party family member.

    8.    Mother and Father continue to confer about whether the minor children should be required to attend the merits hearing, as well as how their testimony may be presented (whether *in camera* or through some type of professional evaluation).

    9.    The parties intend to provide further details about the issues on which they agree in a proposed order for the Court's consideration by the extended deadline, should that please the Court.

**[Signatures on following page.]**

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Chelsea K. Barnes*                                                                 Date: October 17, 2025
    Matthew A. Abee, NC Bar No. 46949
    E-Mail: matt.abee@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

    Chelsea K. Barnes, NC Bar No. 53378
    E-Mail: chelsea.barnes@nelsonmullins.com
    380 Knollwood Street, Suite 530
    Winston-Salem, NC 27103
    (336) 774-3397

*Attorneys for Respondent Deisy Alexandra Tenesaca Játiva*


By: */s/ Derrick J. Hensley by MAA with permission*                Date: October 17, 2025
    Derrick J. Hensley, NC Bar No. 42898
    Email: Staff@LODJH.com
    401 Meadowland Drive, Suite 201
    Hillsborough, NC 27278
    (919) 480-1999

*Attorney for Petitioner*