IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Roberth R. Vega Maridueña,<br><br>                       Petitioner,<br><br>vs.<br><br>Deisy Alexandra Tenesaca Jativa,<br>*A/K/A* Veronica Cruz,<br><br>                       Respondent. | Civil Action No.: 3:25-cv-00129-FDW-DCK |

**Respondent Deisy Alexandra Tenesaca Jativa's Response to Petitioner's Motion to Show Cause**

Respondent Deisy Alexandra Tenesaca Jativa ("Mother") files this Response to Petitioner Roberth R. Vega Maridueña's ("Father") Motion for Order to Show Cause, Provisional Remedies, To Seal, To Allow Remote Video Testimony, and For Scheduling an Expedited Hearing ("Motion"). (*See* ECF No. 16.)

## Introduction

Father's Motion requests to (1) treat this matter as a habeas corpus proceeding, thereby eliminating the opportunity for discovery; (2) impose provisional remedies under the Hauge Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), including placing restrictions on Mother and her seven-year-old son, S.T.V.T., and her four-year-old daughter, A.A.V.T. ("the Children"); (3) expedite the merits hearing; and (4) permit witnesses to testify remotely. The Parties have met and conferred these requests. While Mother agrees to certain requests, the Parties

disagree on whether Father's communication with the Children while this matter is being litigated should be reestablished.

## The Parties Agree on the Following Issues

I. **The Parties Agree to Expedite this Matter and to Limited Discovery.**

Father urges the Court to treat this Hague Convention matter as a habeas corpus proceeding, thereby eliminating the opportunity for discovery and shortening or waiving standard timeframes for pleadings and motions. Father argues that this procedural approach is not expressly governed by statute or treaty but suggests that it is a common and appropriate mechanism in Hauge Convention cases.

Following the meet-and-confer, the Parties have agreed that this matter should be expedited, but with procedural safeguards. Mother and Father each recognize the importance of having adequate time to prepare for trial, but each is anxious to resolve this matter quickly and efficiently. Accordingly, the Parties have agreed to treat this matter as a civil action and engage in limited, informal discovery, as outlined further in the Joint Motion for Extension of Time previously submitted by the parties. (*See* ECF No. 21.) The Parties additionally request that the final hearing in this matter be set for the first two weeks of the Court's December 2025 calendar, to the extent the Court's calendar so allows.

II. **The Parties Agree the Children Will Surrender Their Passports and Limit Travel to North Carolina and South Carolina.**

Father seeks provisional remedies pursuant to Article 7(b) of the Hauge Convention and 22 U.S.C. § 9004(a), including: (1) prohibiting Mother from removing

the Children from North Carolina and (2) requiring the surrender of the Children's passports.

Following the meet-and-confer, the Parties have agreed that, during this matter, the Children are not to travel outside of North Carolina and South Carolina. To the extent an emergency arises which necessitates travel outside of North Carolina and South Carolina, the Parties agree to confer on the same. Additionally, the Parties agree that Mother will surrender the Children's passports to her counsel.

### III. The Parties Agree to Remote Participation and Video Testimony and the Use of a Translator.

Father requests that he and any witnesses be permitted to participate in hearings via video conference, citing logistical and financial barriers to international travel. Father also notes that he will require the assistance of an interpreter.

Following the meet-and-confer, the Parties have agreed that to the use of video conferencing for party and witness participation, provided that appropriate safeguards are in place consistent with Federal Rule of Civil Procedure 43(a), pursuant to which testimony must be conducted in a manner that ensures reliability, preserves the integrity of the proceedings, and affords both parties an equal opportunity to present their cases. The Parties agree that the same accommodations will extent to her and any witnesses she may call on her behalf, including the use of video conferencing and an interpreter throughout the proceedings to ensure meaningful participation and understanding of the legal issues. The Parties

additionally agree and request that the Court establish clear protocols for remote testimony and interpretation services.

### IV. The Parties Agree the Children Do Not Need to Attend the Final Hearing.

Father additionally requests that the Children be required to attend the merits hearing for this matter. From Mother's perspective, due to the allegations of abuse raised in this case, the Children's attendance at the final hearing may cause undue psychological harm. Following the meet-and-confer, the Parties have agreed that the Children do not need to attend the final hearing.

## The Parties Disagree on the Following Issues

### I. The Parties Do Not Agree on the Father's Communication with the Children Before Psychological Evaluation.

Father requests that communication between him and the Children be reestablished while this matter progresses. Despite good faith efforts to meet and confer, the Parties could not come to a resolution on these two matters.

From Mother's perspective, this case involves serious allegations of domestic abuse against Father, extending to both Mother and the Children. These allegations raise substantial concerns about potential harm to the Children and warrant careful consideration. Because the safety and well-being of the Children is paramount to Mother, Mother cannot agree to reestablish communication between Father and the Children until the Children have been psychologically evaluated to determine if such

contact will detrimentally harm the Children.[1]  Mother believes it will.  *See generally*, *Golan v. Saada*, 596 U.S. 666, 667–68 (2022) (holding that, in the context of considering ameliorative measures, the Court "must prioritize the child's physical and psychological safety"); *Colchester v. Lazaro*, 16 F.4th 712, 727 (9th Cir. 2021) (holding that the district court abused its discretion by denying an in-depth psychological exam as it related to examination of whether a grave risk of harm to the child existed in the face of specific, corroborated allegations of domestic violence and child abuse).

At this time, Mother has consulted with a qualified psychological expert that she expects to retain to evaluate the potential trauma that may result from reestablishing communication between the Children and Father. Until such evaluation is complete, Mother respectfully requests that the Court deny Father's request.

## Conclusion

For the foregoing reasons, Mother respectfully requests that the Court deny Father's requests to establish communication with the Children at this time.  Before the Court makes a definitive ruling on this issue, Mother requests permission to submit the Children to psychological evaluation.

**[Signature Page to Follow]**

---

[1] Alternatively, the Court should have the opportunity to conduct its own in-chambers interview of the Children.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Matthew A. Abee*
    Matthew A. Abee, NC Bar No. 46949
    E-Mail: matt.abee@nelsonmullins.com
    1320 Main Street / 17th Floor
    Columbia, SC 29201
    (803) 799-2000

October 21, 2025    *Attorney for Respondent*

## Certification Regarding Use of Artificial Intelligence

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## Certificate of Service

I certify that the date set forth below, a copy of the foregoing was filed electronically through the Court's CM/ECF system and served on all counsel of record as follows:

Derrick J. Hensley
The Law Offices of Derrick J. Hensley, PLLC
401 Meadowland Drive, Suite 201
Hillsborough, NC 27278
(919) 4890-1999
derrick@lodjh.com
*Attorney for Petitioner*

                              NELSON MULLINS RILEY & SCARBOROUGH LLP

                              By: */s/ Matthew A. Abee*
                                  Matthew A. Abee, NC Bar No. 46949
                                  E-Mail: matt.abee@nelsonmullins.com
                                  1320 Main Street / 17th Floor
                                  Columbia, SC  29201
                                  (803) 799-2000

October 21, 2025            *Attorney for Respondent*