IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-129-DCK

| | | |
|---|---|---|
| ROBERTH ROSENDO VEGA MARIDUEÑA, | ) | |
| | ) | |
| Petitioner, | ) | <u>ORDER</u> |
| | ) | |
| v. | ) | |
| | ) | |
| DEISY ALEXANDRA TENESACA JÁTIVA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Petitioner's "Motion For An Order To Show Cause, For Provisional Remedies Under The Hague Convention/ICARA, And For Scheduling Of An Expedited Hearing" (Document No. 16). The Parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and Petitioner's motion is ripe for disposition. Having carefully considered the motion and the record, as well as the arguments of counsel during a telephone Status Conference on November 14, 2025, the undersigned will <u>grant</u> the motion.

Roberth Rosendo Vega Maridueña ("Petitioner) initiated this action with the filing of a "Verified Petition For The Return Of Children Under The Hague Convention And ICARA…" (Document No. 1) (the "Petition") on February 19, 2025. The Petition was filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Convention") and the International Child Abduction Remedies Act ("ICARA"). (Document No. 1, p. 2) (citing Document No. 1-2).

Petitioner is a citizen and resident of Ecuador, who seeks "the return of his two children, seven-year-old son, S.T.V.T., and four-year-old daughter, A.A.V.T. (collectively, 'the Children')

who were, without Petitioner's consent or acquiescence, wrongfully retained in the Western District of North Carolina by the Children's mother, Deisy Alexandra Tenesca Játiva, also known as 'Veronica Cruz' (hereinafter 'Respondent')." (Document No. 1, p. 1). Petitioner contends that Respondent has wrongfully retained the Children in the United States since February 23, 2024.

According to the Petition, Petitioner is "the Children's sole legal custodian" and is pursuing this action "to vindicate his rights under the Hague Convention to have the Children returned to Ecuador, which is their country of habitual residence." (Document No. 1 p. 10). It appears that Respondent was served with the Petition on or about September 15, 2025. See (Document Nos. 12 and 13).

Petitioner filed the pending "Motion For An Order To Show Cause, For Provisional Remedies Under The Hague Convention/ICARA, And For Scheduling Of An Expedited Hearing" (Document No. 16) on October 3, 2025.[1] By the instant motion, "Petitioner moves the Court for an Order to govern the scheduling and handling of this matter under special, expedited circumstances" and "requests that the Court not allow any discovery process, that the Court shorten or waive the time frames that apply to pleadings and motions, and that the Court issue a Show Cause order requiring the Respondent to appear and show cause why the relief prayed for below should not be granted." (Document No. 16 p. 3).

"Respondent Deisy Alexandra Tenesaca Játiva's Response to Petitioner's Motion to Show Cause" (Document No. 26) was filed on October 21, 2025. The Response indicates that the parties have resolved most, if not all, of the pending issues raised in Petitioner's motion. (Document No. 26). Specifically, the parties agree: (1) to expedite this matter and limit discovery; (2) to surrender the Children's passports and limit their travel to North Carolina and South Carolina; (3) to remote

---

[1] Petitioner's motion does not appear to satisfy the requirements of LCvR 7.1(b), but states that "it is believed that the Respondent opposes these requests." (Document No. 16, p. 3).

participation by Petitioner and other witnesses and the use of a translator; and (4) that the Children do not need to attend the final hearing. (Document No. 26).

"Petitioner's Reply…" was filed on November 5, 2025. The Reply confirms that the Response "correctly identifies the agreed-upon resolutions to all the requests made in Petitioner's pending Motions." (Document No. 35, p. 1) (citing Document Nos. 16 and 26). Moreover, Petitioner notes that the Parties "have developed a proposed order reflecting the agreed-upon resolutions." Id. (citing Document No. 35-1). The Reply concludes that "Petitioner's present goal is simply to seek resolution of the Return Petition and get the children back to Ecuador as soon as possible, and the agreed-upon plan to conduct an expedited hearing described in the Respondent's Response and the attached proposed order fulfills that goal." (Document No. 35, pp. 2-3).

Based on the foregoing, the undersigned will adopt the Parties' joint proposed order as follows below.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion For An Order To Show Cause, For Provisional Remedies Under The Hague Convention/ICARA, And For Scheduling Of An Expedited Hearing" (Document No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to the Parties' agreement that:

1. This action will require limited discovery and an expedited hearing/trial.

2. The Parties shall work together in good faith to exchange relevant discovery, including all documents to be offered as evidence at trial, and will confer to attempt to offer joint exhibits.

3. The Parties are permitted to subpoena documents and individuals for testimony, and Rule 45 of the Federal Rules of Civil Procedure shall apply to any such subpoenas.

4. Depositions may be taken remotely as needed to preserve testimony for trial.

5. Remote video testimony will be permitted at trial pursuant to Fed.R.Civ.P. 43(a):

    a. Remote witnesses shall testify from a private room where they are free from outside influence;

    b. The Parties are responsible for making sure the technological steps are taken to make the remote videoconference connection feasible and shall confer with Court staff **at least two (2) weeks** prior to the trial to accomplish that objective;

    c. Remote witnesses shall not communicate with other persons during their testimony, including but not limited to all forms of electronic communication; and

    d. Remote witnesses shall not access documents (other than exhibits presented to them) during their testimony.

6. The parties shall work together to identify an interpreter, whose services will be permitted at trial.

7. Respondent and the Children are prohibited from leaving North Carolina and South Carolina during the pendency of the matter. Respondent shall deposit the Children's passports at the office of her counsel on or before **November 26, 2025**. Respondent's counsel shall maintain custody of the Children's passports unless and until otherwise ordered by this Court.

8. The minor children shall not be required to attend the trial in this matter.

**SO ORDERED**.

Signed: November 19, 2025

David C. Keesler
United States Magistrate Judge