IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERTH R. VEGA MARIDUEÑA, )<br>    Petitioner, )<br>v. )<br>DEISY A. TENESACA JÁTIVA, )<br>*A/K/A* VERONICA CRUZ, )<br>    Respondent. )<br> ) | No. 3:25-cv-00129-DCK |

## PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO APPOINT A GUARDIAN *AD LITEM*

NOW COMES the Petitioner, by and through undersigned counsel, in response to the Respondent's "Motion for Appointment of Guardian *ad Litem*" (ECF #36). The Petitioner now states the following:

1. Petitioner opposes the Respondent's request for the appointment of a Guardian *ad Litem* to represent the minor children who are the subjects of this action.

2. "District courts have sometimes allowed children to participate through guardians *ad litem* when their interests were not adequately represented by either party." *Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014). A decision whether to appoint them a Guardian *ad Litem* ("GAL") under Fed. R. Civ. P. 17(c)(2) is within the Court's discretion, even though the children are not technically parties to this action.[1]

---

[1] Formal intervention by the children under Fed. R. Civ. P. 24(a) with 'full' party status has not become a practice in ICARA cases. *See, e.g., Sanchez v. R.G.L.*, 761 F.3d 495 (5th Cir. 2014)(in a truly exceptional case where the children were in US government care, having fled from their mother's boyfriend, and no respondent opposed or litigated against a return, the court allowed the children to appeal as *de*

p.1/7

3. The purpose of a GAL for minors in ICARA matters is to adduce relevant evidence and make arguments, which normally should be done by the litigants. The general rule in ICARA actions is that appointing a GAL should only be done to address specific, unusual circumstances in a case, i.e., that indicate the litigants will not be fulfilling their presumed roles.

4. This can be satisfied where the parties are either not willing to, or where they are not capable of, protecting the minors' legal interests. *See, Mahjoubi v. Roper*, No. 6:24-cv-01358-AA, 2024 U.S. Dist. LEXIS 200926, at *4 (D. Or. Nov. 5, 2024). No GAL is needed where the parties adequately represent their children's interests, such as where both parties were represented by counsel and had "well-articulated," though opposing, arguments. *Id.,* at *5-6 (D. Or. Nov. 5, 2024). *See also, Olivas Ontiveros v. Ortega Pinion*, 3:24-cv-05700-DGE (W.D. Wash. Jan 02, 2025)(denying appointment of GAL where interests are adequately represented).

5. In contrast, cases where a party is *pro se* and unable to present their case competently, a different outcome may be appropriate, especially where the parties agree to the appointment of a GAL and agree to split the costs. *See, Lieberman v. Tabachnik*, Civil Action No. 07-cv-02415-WYD, 2007 U.S. Dist. LEXIS 95390, at

---

*facto* parties and ordered appointment of a GAL, but reiterated that the children would not become parties.) The First Circuit has stated that some cases, but not "very many," warrant intervention in a Hague Convention proceeding. *Walsh v. Walsh*, 221 F.3d 204, 213 (1st Cir. 2000)(discussing a balancing test with the parties' rights, and finding a district court did not abuse its discretion in allowing a 3rd party to intervene on behalf of the children in order to make additional pertinent arguments).

*4-6 (D. Colo. Dec. 19, 2007)(warning the GAL not to do a best interests type analysis as with custody allocations but just to assess elements of the convention).

6. This federal approach concords fairly well with the procedures in place in North Carolina's state courts, as well. A discussion of the full array of circumstances where GAL's are deployed in this state's courts, approximately twenty distinct types, would exceed relevance.[2] The point is just that there are a great variety of uses for the term, across various types of proceedings, and figuring out when, where, and how to use a GAL in state court is complicated at best.

7. Most relevant here, in North Carolina's child custody and welfare proceedings, the pole star is the "best interests of the child," which is a broad, amorphous concept that admits voluminous factors to be weighed. There are types of GAL's in each of those systems.

8. In the state child welfare system, where there are allegations of abuse or neglect, and a child is or may be put into state care, there are proceedings in specialized juvenile "abuse-neglect-dependency" or "DSS" courts. Those proceedings are initiated by a County's Department of Social Services, under N.C. Gen. Stat. § 7B-101 *et seq*. (Ch. 7B, Articles 1-10). In those situations where there may be no fit parent and there are serious allegations giving rise to state involvement, appointment of a GAL is mandatory. *See* § 7B-601. However, that kind of GAL is often a layperson, and is provided through the state's organized program for training, deploying, and supervising volunteers. *See* § 7B-1200 *et seq*.

---

[2] *See, generally,* https://www.ncids.org/wp-content/uploads/2021/04/GAL_Chart.pdf

9. In North Carolina's state court proceedings involving 'regular' child custody actions under § 50-1 *et al.*, i.e., those without state intervention, there is no statutory basis for appointment of a GAL; rather, courts have creatively used N.C. R. Civ. P. 17 to fill that gap, despite the children not normally being made parties. *See, Van Every v. McGuire*, 481 S.E.2d 377, 125 N.C.App. 578 (1997) *modified and aff'd*, 497 S.E.2d 689, 348 N.C. 58 (1998). Since Rule 17 is being adapted for that novel purpose, the appointment must define the scope of the and focus it on the best interests of the minor. *See, West v. Marko*, 541 S.E.2d 226, 141 N.C. App. 688 (N.C. App. 2001)(Fuller, J., concurring). Because of the breadth of the "best interests" inquiry needed in state child custody matters, there are many more potentially valid uses for GAL's in state proceedings. In practice, many such cases involve older teenagers with strong opinions, special needs children, or cases with voluminous and contested evidence that cannot be reasonably presented at trial and GAL's can assist the court's decisionmaking with their vetting and presentations via written reports.

10. In stark contrast, ICARA and the Hague Abduction Convention are not child custody or child welfare proceedings. Their purposes are limited; nowhere do they authorize the court to determine a child's best interests. The limited exception is to protect the child's "well-being" through provisional measures during the pendency of the litigation. 22 U.S.C. § 9004(a).

11. It is important for the federal courts to avoid a slippery slope toward making best-interest determinations that would undermine the stated purposes of ICARA,

at 22 U.S.C. § 9001, which established that abductions are harmful to children, and that they not only need to be resolved individually, but they need to be deterred in general. This mirrors the preamble and Article I of the Convention. ICARA defines the exceptions as narrow. *Id.* Thus, in any matter where a GAL is appointed, their duties should be correspondingly focused and narrow, not like 'traditional' best interests GAL's.

12. Here, Petitioner is seeking a return order, while Respondent has invoked numerous defenses to return under the convention, and appears willing to litigate all those issues (*see* ECF # 23, Respondent's Amended Return to Petition). Also, where, as here, the Respondent already has approximately five lawyers, she should be capable of presenting a full case. Petitioner therefore expects that this court will be presented with the relevant information and arguments without the addition of an independent GAL because the parties are capable and willing to do so.

13. Additionally, Petitioner would argue that because most existing case law on GAL's in ICARA matters occurred where there has not already been a child custody determination in favor of the nonmoving party, this case is also different. Here, the Petitioner has sole legal and physical custody of the Minor Children, as established under a valid Ecuadoran court order from July 2022, which was attached to the initial Petition as Exhibit D thereto (ECF #1-5). The Petitioner has been adjudicated as a fit parent and been entrusted with assuring the welfare of his children by the Ecuadoran courts, and he is a party in this action. Therefore, he

should be deemed to be *per se* able and willing to represent their interests in this proceeding, obviating any justification for appointment of a GAL.

14. In this matter, Petitioner has concerns that the appointment of a GAL to do a competent and thorough investigation may not be feasible within the timeframe between now and the trial date, particularly as it spans the holiday season.

15. There is also reason for concern that this kind of accelerated timeline could lead to errors and misunderstandings. The GAL will need understanding of not just generally how to work with children, but also high-conflict family dynamics, parental alienation, and immigration law. The GAL would also need to be culturally competent, and capable of obtaining information from their community and government in their hometown in Ecuador, not just focused on the low-hanging fruit around Charlotte. It simply makes this a tough assignment to get right.

16. Lastly, Petitioner is legally indigent, and objects to the costs of any GAL being taxed to him. While Petitioner has always been able to care for his children perfectly well in Ecuador, including all needed services, and would be able to continue doing so upon their return, there is a very substantial cost differential between the services in Ecuador and those in the U.S. Because the professional services of lawyers and mental health professionals in the U.S. are out of his financial reach, he should not be required to contribute to the payment of any GAL fees.

Wherefore, Petitioner respectfully requests that the Court deny Respondent's Motion to Appoint a GAL. Alternatively, should the Court appoint a GAL, Petitioner

would request that he not be taxed any costs, and that he be given an opportunity for input into the terms of such appointment and identity of the GAL chosen.

Respectfully submitted this the 21st day of November, 2025.

                THE LAW OFFICE OF DERRICK J. HENSLEY, PLLC

        by:    /s/ Derrick J. Hensley
              Derrick J. Hensley    NC Bar # 42898
              401 Meadowland Dr., Ste. 201
              Hillsborough, NC 27278
              t. (919) 480-1999 | f. (919) 636-6018
              Staff@LODJH.com
              ***Counsel for Petitioner***

<u>Certification Regarding Use of Artificial Intelligence</u>
No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

<u>CERTIFICATE OF SERVICE</u>
*Fed. R. Civ. P., Rule 5*

I filed the foregoing using the CM/ECF system, which will send a notice of this filing to Counsel who entered appearance for the Respondent:

Counsel for Respondent, Deisy A. Tenesaca Játiva:
- Chelsea Kay Barnes, chelsea.barnes@nelsonmullins.com
- Michael P. Moran, michael.moran@nelsonmullins.com
- Morgan B. Thompson, morgan.thompson@nelsonmullins.com
- Nicholas Joseph Michele Quatraro, nicholas.quatraro@nelsonmullins.com
- Matthew A. Abee, matt.abee@nelsonmullins.com
  Nelson Mullins Riley & Scarborough LLP
  1320 Main Street, 17th Floor, Columbia, SC  29201
  t. 803.255.9335

Dated: <u>11/21/2025</u>                /s/ Derrick J. Hensley
                                      N.C. Bar # 42898
                                      ***Counsel for Petitioner***