IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-129-DCK

| | |
|---|---|
| ROBERTH ROSENDO VEGA MARIDUEÑA,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>DEISY ALEXANDRA TENESACA JÁTIVA,  )<br>)<br>Respondent.  )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Respondent's "Motion for Appointment of Guardian ad Litem" (Document No. 36) filed November 7, 2025. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, and in the interests of judicial economy and efficient case management, the undersigned will <u>deny</u> the motion without further briefing.

By the instant motion, Respondent Jativa requests that the Court appoint a Guardian *ad Litem* for the Children of the Parties in this action. (Document No. 36). Respondent seeks the appointment of "a Guardian *ad Litem* to ensure the interests of the Children are protected in this Hague Action." (Document No. 36, p. 2). Respondent contends that the Parties have stipulated that "each has Rights of Custody under Ecuadorian Law." (Document No. 36, p. 1) (citing Document No. 34, ¶ 16).

"Petitioner's Response…" (Document No. 40) opposes Respondent's request and argues that the Parties and their counsel can adequately represent the Children's interest without a Guardian *ad Litem*. (Document No. 40, p. 2) (citation omitted). Moreover, Petitioner contends

that this litigation will not address child custody or child welfare. (Document No. 40, p. 4). Instead, this action is focused on Petitioner's demand for an Order that the Children be returned to Ecuador – where he contends that a valid Ecuadoran court has established that "Petitioner has sole legal and physical custody of the Minor Children." (Document No. 40, p. 5).

In addition, Petitioner suggests that there is insufficient time for a Guardian *ad Litem* to conduct "a competent and thorough investigation," and that the cost of such service on indigent Petitioner would be unduly burdensome. (Document No. 40, p. 6).

Based on the foregoing, the undersigned will respectfully deny Respondent's motion. The question before the Court in this lawsuit is whether the Children should be returned to Ecuador pursuant to the Hague Convention. (Document No. 1). The undersigned is persuaded that in this proceeding the Children's representation by their parents and by their parents' counsel is sufficient. If there are additional questions following this action about custody and/or the best interests of the Children, other courts in the United States or Ecuador may consider whether the Children need separate representation.

**IT IS, THEREFORE, ORDERED** that "Respondent's "Motion for Appointment of Guardian ad Litem" (Document No. 36) is **DENIED**.

**SO ORDERED**.

Signed: November 24, 2025

_David C. Keesler_
David C. Keesler
United States Magistrate Judge