IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERTH R. VEGA MARIDUEÑA, | ) |
|     Petitioner, | ) |
| v. | ) |
| DEISY A. TENESACA JÁTIVA, | )   No. 3:25-cv-00129-DCK |
| *A/K/A* VERONICA CRUZ, | ) |
|     Respondent. | ) |

## PETITIONER'S RESPONSE TO RESPONDENT'S MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

NOW COMES the Petitioner, by and through undersigned counsel, in response to the Respondent's "Motion for Entry of Confidentiality Order" (ECF #42) and the Court's December 19, 2025 Order (ECF # 43) requesting this response by today. The Petitioner now states the following:

1. Counsel for the parties met and conferred regarding ECF's 42-43 on December 22, 2025, via video conference.[1] They were unable to reach an agreement on terms for a protective order.

2. Upon information and belief, the main concerns of the Respondent are dissemination of photos of the Respondent and Children, and dissemination of any reports regarding the children.

3. Petitioner, as the father and sole legal custodian of the minor children at issue in this case, opposes the Respondent's request for a generalized, multipurpose

---

[1] Counsel for the parties have conferred in good faith regarding other discovery issues as well, and have already agreed to attorney-eyes-only restrictions for the phone numbers, emails, and home addresses of the Respondent's proposed witnesses, as that data is personal to 3rd parties and has no bearing on the minor children's welfare or the petitioner's rights.

confidentiality order in general as untimely, and has several issues with the proposed order in particular.

4. Petitioner is not opposed to entry of a protective order that restricts dissemination of materials in which he does not have any legitimate interest. These would, one would imagine, include images of the Respondent, her personally identifying information, medical records, or her own documents that are sensitive or normally protected from dissemination by law, such as any confidential immigration applications she may have filed.

5. However, the majority of the documents anticipated to be at issue pertain to the minor children, and those should be a different story.

6. While there are cross allegations of serious misconduct between the parties, neither has been deprived by any court of their parental rights, and there is no indication that they will cease to be the children's legal parents at any point in the foreseeable future.

7. The general rule is that parents have a right to access and maintain information about their children, while a parent with sole legal custody is the only one allowed to act on their behalf.

8. Petitioner not only has a legal interest and duty to the minor children as a parent, but has been charged with their sole physical care and legal custody by court order (ECF #1-5). If it were not for the Respondent's abduction of the children complained of in the petition, Petitioner would still be exercising that custody over his children.

9. Since the Respondent's abduction and complete sequestration of the minor children from their legal custodian, cutting off all communication, all the acts of the Respondent have been without lawful authority. All photographing of the minor children, evaluations, medical treatments, and educational decisions since the abduction have been *ultra vires*, Respondent having been stripped of that authority years ago.

10. Therefore, Petitioner has greater legal interest than the Respondent in medical records, reports, images, and other information about his children because he has been entrusted with the right and responsibility to pursue their best interests by a court with jurisdiction (competency) over the welfare of the minor children.

11. Nevertheless, as the Petitioner is in Ecuador and unable to return to the US, discovery may be the only way he finds out anything about his children's lives in the last nearly-two years since they were taken away from him.

12. Petitioner has broad rights to any material pertaining to his children in general as a parent, as well as specifically under the Ecuadoran order. To proactively prohibit him from using those materials would be contrary to principles of international comity and his constitutionally protected rights as a parent.

13. While any litigant may potentially misuse materials obtained during discovery, we are not looking at a party with a track record. Petitioner and Respondent have previously - and likely will again - litigate their family's matters in Ecuador, or possibly elsewhere. Petitioner has never been sanctioned by a court;

rather, he was found to be the parent who could serve the children's best interests. Respondent should not be gagged before he has done anything wrong with his own children's information.

14. Everything about the children, and indeed, everything about how each party has acted during this and every other litigation, may be crucial to future child welfare decisionmakers and other legal authorities. Petitioner believes he is the only person who can be trusted to ensure such authorities receive a full accounting and that his children's interests are protected.

15. In particular, Petitioner objects to the Respondent's proposed order in several regards, most notably its claw-back provision, essentially depriving the Petitioner of the records about his children that may not otherwise be able to be obtained, and prevent him from using such records in relation to other proceedings or sharing with other professionals who may be involved in the minor children's lives.

16. Furthermore, the labelling of materials unilaterally by *Respondent's counsel* as attorney-eyes-only or confidential, followed by a process to share information even with counsel's staff, and their proposed multi-step back and forth to challenge any such designation, is particularly problematic in its timing. Here, where just *limited discovery* was allowed and an *accelerated timeline* was agreed-upon and adopted by the Court, our discovery deadlines and final pretrial preparations already overlap in the coming weeks. Petitioner contends that there is no time to implement the proposed protective order between the end of discovery and the time of trial without undermining our ability to prepare for and conduct an orderly

hearing. It purports to prohibit the Petitioner from seeing certain documents at all to prepare for trial (with Attorneys Eyes Only provisions), or otherwise disclosing them such as to potential witnesses.

17. Petitioner has attached a proposed protective order that will address the concerns of which he is aware regarding the Respondent's own privacy.

18. Should the Court be inclined to provide further restrictions on the dissemination of materials regarding the minor children, Petitioner would request that there not be any claw-back provisions, and further, that Petitioner be allowed to share any such materials with at least some 3rd parties such as medical providers, educational providers, courts, attorneys, government agencies, law enforcement, and witnesses for trial preparation purposes.

Wherefore, Petitioner respectfully requests that the Court deny Respondent's Motion in part, and grant it in part.

Respectfully submitted this the 22nd day of December, 2025.

THE LAW OFFICE OF DERRICK J. HENSLEY, PLLC

by: /s/ Derrick J. Hensley
Derrick J. Hensley    NC Bar # 42898
401 Meadowland Dr., Ste. 201
Hillsborough, NC 27278
t. (919) 480-1999 | f. (919) 636-6018
Staff@LODJH.com
*Counsel for Petitioner*

<u>CERTIFICATE OF SERVICE</u>
*Fed. R. Civ. P., Rule 5*

I filed the foregoing using the CM/ECF system, which will send a notice of this filing to Counsel who entered appearance for the Respondent:

Counsel for Respondent, Deisy A. Tenesaca Játiva:
- Chelsea Kay Barnes, chelsea.barnes@nelsonmullins.com
- Michael P. Moran, michael.moran@nelsonmullins.com
- Morgan B. Thompson, morgan.thompson@nelsonmullins.com
- Nicholas Joseph Michele Quatraro, nicholas.quatraro@nelsonmullins.com
- Matthew A. Abee, matt.abee@nelsonmullins.com
  Nelson Mullins Riley & Scarborough LLP
  1320 Main Street, 17th Floor, Columbia, SC  29201
  t. 803.255.9335

Dated: <u>12/22/2025</u>     <u>/s/ Derrick J. Hensley</u>
                              N.C. Bar # 42898
                              ***Counsel for Petitioner***