IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Roberth R. Vega Maridueña,<br><br>                  Petitioner,<br><br>vs.<br><br>Deisy Alexandra Tenesaca Játiva,<br><br>                  Respondent. | Civil Action No. 3:25-cv-00129-DCK<br><br>**Reply to Response to Motion for Confidentiality Order** |

Respondent Deisy Alexandra Tenesaca Játiva ("Mother"), by and through undersigned counsel, hereby submits this Reply to Petitioner Roberth R. Vega Maridueña's ("Father") Response to Respondent's Motion for Entry of Confidentiality Order ("Response") (ECF 44). Mother respectfully submits this following:

    1.    **Volume of Proposed Confidential Documents.** The sole purpose of Mother's Confidentiality Order is to protect the Children and Mother from undue embarrassment, humiliation, and harm which would occur from the unnecessary dissemination[1] of documents related to the abuse perpetrated by Father. As of the

---

[1] In his Response, Father appears to acknowledge his intention use the documents produced in this litigation in subsequent litigation related to how each party conducted themselves during this litigation. (*See* Response at ¶ 14.) Father's acknowledgment is consistent with representations made by his counsel at the December 22, 2025, meet and confer regarding Father's intention to bring defamation and/or slander claims against Mother for statements made during these proceedings. That Father would like to use documents produced in this proceeding to support future claims against Mother in a different lawsuit is not a good-faith basis for objecting to Mother's proposed Confidentiality Order. Moreover, the threat of future litigation against Mother will not dissuade her from seeking to protect her children from unnecessary harm.

date of this filing,[2] of primary concern for Mother are photographs evidencing the aftermath of the abuse she her minor daughter experienced at the hands of Father and Mother's expert reports, which will discuss incidents of abuse perpetrated by Father. These are the documents Mother seeks to mark confidential. Mother's production of documents to Father will consist of hundreds of undesignated documents—the documents Mother seeks to mark confidential total around 50 pages. Should Father have a good-faith basis to object to such designations, Mother's proposed Confidentiality Order provides procedures for challenge.

2. **Attorneys' Eyes-Only Designations.** On December 8, 2025, Mother confirmed in writing to Father that the only documents she intended to mark "Attorneys'-Eyes-Only" were those related to contact information for potential witnesses, and this was due to the volatile history between Mother and Father and their respective families. Counsel for Mother confirmed the same at both the December 16 and December 22, 2025, meetings of counsel. Father agreed to such designations. In his Response, Father acknowledges that the parties "have already agreed to attorney-eyes-only restrictions for the phone numbers, emails, and home addresses of the Respondent's proposed witnesses[.]" (Response at ¶ 1 n.1.) However, later in his Response, Father appears to reference additional documents Mother intends to produce as "Attorneys'-Eyes-Only." (*See id.* at ¶ 16.) Mother maintains that the only documents she intends to mark Attorneys'-Eyes-Only are those related

---

[2] Mother respectfully reserves the right to mark additional documents reflecting the abuse of herself and the Children confidential should such designation be necessary.

to the contact information of her potential witnesses—information which has already been produced to Father based on the parties' written and verbal agreements.

3. **Rights in the Children.** In his Response, Father acknowledges that both he and Mother have parental rights in the Children. (*See* Response at ¶ 6.) However, Father asserts that he is the only parent with custodial rights in the Children based on a custody order issued by the Ecuadorian judicial system. (*See id.* at ¶¶ 7-8.) This assertion is contrary to affirmations made in the parties' Joint Stipulation of Factual and Legal Issues for Trial ("Joint Stipulation") (ECF 34), which provides that "Both Petitioner and respondent, as father and mother, respectively, have 'rights of custody' to the Children as the phrase is used in the Hague Convention and ICARA." (Joint Stipulation at ¶ 16.) Moreover, this assertion is at odds with subsequent findings in the Ecuadorian matter, which are publicly available to Father.[3] Accordingly, Paragraph 3 of Father's Proposed Order is not appropriate.

4. **Timelines of Mother's Motion**. In his Response, Father objects to Mother's proposed "confidentiality order in general as untimely[.]" (Response at ¶ 3.) Though the timeliness of Mother's Motion was not raised at either the December 16 or December 22, 2025, meeting between counsel, Mother submits that her proposed Confidentiality Order, originally drafted as a Consent Confidentiality Order, was sent to Father on November 30, 2025, for review and approval. Mother sent a follow up email to Father on December 4, 2025, asking for his comment. On December 5,

---

[3] English translations of these findings are being produced to Father today, December 23, 2025.

2025, Father asked for further clarification on certain provisions. On December 8 and December 9, 2025, Mother provided that clarification via email and undersigned counsel made herself available for phone call at Father's convenience. On December 12, 2025, Father requested that a phone call be scheduled for December 16, 2025. At the December 16 meeting, counsel could not come to an agreement. Father did not offer revisions to Mother's proposed Confidentiality Order as he believed this matter should proceed without a Confidentiality Order entirely. Given the serious allegations of abuse in this case, Mother could not agree and submitted her proposed Confidentiality Order on December 18, 2025.

WHEREFORE, for the foregoing reasons, Mother respectfully requests that the Court enter her proposed Confidentiality Order.

By: */s/ Morgan B. Thompson*
Matthew A. Abee, NC Bar No. 46949
E-Mail: Matt.abee@nelsonmullins.com
Chelsea K. Barnes, NC Bar No. 53378
E-Mail: Chelsea.barnes@nelsonmullins.com
Morgan B. Thompson (PHV), SC Bar No. 107145
Email: Morgan.thompson@nelsonmullins.com
Michael P. Moran (PHV), SC Bar No. 105437
Email: Michael.moran@nelsonmullins.com
Nicholas J.M. Quatraro (PHV), SC Bar No. 106417
Email: Nicholas.quatraro@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1320 Main Street / 17th Floor
Columbia, SC 29201
(803) 799-2000

*Attorneys for Respondent*

**Certificate of Service**

I hereby certify that on December 23, 2025, a copy of the foregoing was filed electronically through the Court's CM/ECF system and served on all counsel of record.

By: /s/ *Morgan B. Thompson*
Morgan B. Thompson