# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:25-CV-129-DCK

| | |
|---|---|
| **ROBERTH ROSENDO VEGA MARIDUEÑA,** ) | |
| ) | |
| Petitioner, ) | **CONFIDENTIALITY ORDER** |
| ) | |
| v. ) | |
| ) | |
| **DEISY ALEXANDRA TENESACA JÁTIVA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Respondent's "Motion for Entry of Confidentiality Order" (Document No. 42) filed December 18, 2025. Having carefully considered the motion and the record, the undersigned has granted the motion and will enter Respondent's proposed Confidentiality Order as follows.

**IT IS, THEREFORE, ORDERED**:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be

deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any subpoena recipient, school, community group, law enforcement agency, or expert, may designate documents as CONFIDENTIAL. Any Party may designate documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY, but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, medical records, law enforcement records, school records, trade secrets, or confidential research, development, commercial information, or other information about the minor children that should not be shared with non-parties or the public or used for purposes unrelated to the resolution of the claims asserted in this action. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at **Attachment A** which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within three (3) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material**.

   a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties or counsel for the Parties or any other persons

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be counsel of record in this case.

identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

      b.    **Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)–(7) below, and then only after the person to whom disclosure is to be made under subparagraphs (2), (4)–(5), or (7) has executed an acknowledgment (in the form set forth at **Attachment B** hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

        i.    Counsel and employees of counsel for the Parties who have responsibility for the preparation and trial of the lawsuit or who are representing a party in Ecuador;

        ii.    Parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;[2]

        iii.    Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (**Attachment B** hereto), counsel shall complete a certification in the form shown at **Attachment C** hereto. Counsel shall retain the certification together with the form signed by the party or employee.

3

iv. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the Parties to assist in the preparation and trial of the lawsuit; and

v. other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

vi. The Court, its staff, and its IT personnel necessary for the trial of the case.

vii. Any mediator retained by the Parties in this case.

c. **Control of Documents.** Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Heightened Confidentiality Designation**. In the event documents to be produced by a party or non-party contain highly sensitive information for which greater confidentiality protection is needed, the Party/Counsel who wishes to obtain heightened confidentiality protection for the document may designate the documents as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The following provisions govern documents so designated:

a. Documents bearing this special designation can be viewed only by persons in categories identified in Paragraphs 5(b)(1) (Counsel), 5(b)(3) (Court reporters), 5(b)(5) (others by consent), 5(b)(6) (the Court), and 5(b)(7) (Mediator).

b. All protections and procedures set forth in this Order applicable to CONFIDENTIAL documents not modified in this paragraph 6 shall also apply to documents designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

c. A Party wishing to challenge one or more documents as CONFIDENTIAL – ATTORNEYS' EYES ONLY must use the procedure set forth in Paragraph 9.

d. All records obtained from evaluating experts shall be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY." These records shall not be publicly exhibited, shown, displayed, used for educational, research or demonstrative purposes, or used in any other fashion, except in this action – unless otherwise allowed by this Court or another court. Notwithstanding the heightened attorneys' eyes only protections for these records, the Parties may be shown and allowed to read or view any of these records while in the presence of his/her Counsel. A Party/Counsel shall not disseminate a copy of these records to any other Party, unless allowed by this Court or another court. Otherwise, all heightened protections of this Paragraph 6 shall apply.

7. **Filing of Confidential Materials.** In the event a Party seeks to file any material that is subject to protection under this Order with the Court, that Party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the Party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate,

5

seeking permission to file the document under seal under particular rules or procedures as may apply in the relevant jurisdiction. The Party seeking to submit the document to the Court shall first consult with Counsel for the Party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the Court after proper motion pursuant to the Local Civil Rules. See LCvR 6.1.

8. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

9. **Challenges to Designation as Confidential.** Any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge:

    a. The burden of proving the necessity of a Confidential designation remains with the Party asserting confidentiality.

    b. A party who contends that documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have three (3) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

    i. The party who claims that the documents are confidential withdraws such designation in writing;

    ii. The party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or

    iii. The Court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10. **Treatment on Conclusion of Litigation**.

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶ 5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2)

the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

11. **Order Subject to Modification.** This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

12. **No Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) Counsel who signed below and their respective law firms; and (2) their respective clients.

8

Case 3:25-cv-00129-DCK    Document 48    Filed 01/13/26    Page 8 of 12

**SO ORDERED**.

Signed: January 13, 2026

David C. Keesler
United States Magistrate Judge

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:25-CV-129-DCK

**Roberth R. Vega Maridueña,**

    Petitioner,

v.

**Deisy Alexandra Tenesaca Játiva,**

    Respondent.

**Certification by Counsel of Designation of Information as Confidential**

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____. By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

❑    I am a member of the Bar of the United States District Court for the Western District of North Carolina. My District Court Bar number is _____.

❑    I am not a member of the Bar of the United States District Court for the Western District of North Carolina, but I am admitted pro hac vice for representation in this action.

Date: _____

_____
Signature of Counsel

_____
Printed Name of Counsel

10

Case 3:25-cv-00129-DCK    Document 48    Filed 01/13/26    Page 10 of 12

# ATTACHMENT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:25-CV-129-DCK

| | |
|---|---|
| **Roberth R. Vega Maridueña,** <br><br> Petitioner, <br><br> v. <br><br> **Deisy Alexandra Tenesaca Játiva,** <br><br> Respondent. | **Acknowledgment of Understanding and Agreement to be Bound** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [_____ in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____          _____
                                      Signature

**ATTACHMENT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-129-DCK**

| | |
|---|---|
| **Roberth R. Vega Maridueña,**<br><br>         **Petitioner,**<br><br>  v.<br><br>**Deisy Alexandra Tenesaca Játiva,**<br><br>         **Respondent.** | **Certification of Counsel of Need for Assistance of Party/Employee** |

      Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

      I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

      The individual named above is:

❑    A named party;

❑    An employee of named party _____. This employee's job title is _____ and work address is _____

Date: _____              _____
                                                                                                  Signature